HENRY STAPE, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

While the law does not absolutely prohibit a conviction for a crime upon the testimony of an accomplice alone, such a case should be closely scrutinized and the rights of the accused carefully guarded:

Upon the trial of an indictment the principal testimony against the accused was that of B., an alleged accomplice. The prisoner, as a witness in his own behalf, contradicted positively the testimony of B. as to his connection with the crime. Witnesses were called by the prosecution to impeach his general reputation. Among those called to sustain him was one who testified that he would believe him under oath, but on cross-examination stated in substance that there were reports unfavorable to his character in the neighborhood, although the opinion of the witness was not affected thereby. On redirect examination the witness was asked whether the unfavorable reports were in respect to the prisoner's drinking and horse-trading. This was objected to and excluded. *Held*, error.

The offense charged was burglary and larceny in breaking open the barn of W. and stealing a horse. B. testified that he arranged with the prisoner to proceed to a certain school-house and there wait for the latter to bring W.'s horse ; that the prisoner passed him on the road and told him to hurry up, and that he replied he would be there as soon as the prisoner. On cross-examination B. was asked if he did not tell G. that while on his way to W.'s, on the night of the burglary, he stopped at the house of H. for the purpose of stealing a horse, but did not, because of the bad appearance of the horse; this he denied, and also denied the fact of his stopping. G. was then called by the defense to prove the declaration ; this evidence was excluded. *Held*, error ; that the declaration was in conflict with the testimony of B. and so was competent.

*Stape* v. *The People* ([Mem.] 21 Hun, 399), reversed.

(Argued May 6, 1881 ; decided May 31, 1881.)

ERROR to the General Term of the Supreme Court, in the fourth judicial department, to review judgment entered upon an order made the second Tuesday of June, 1880, affirming a judgment of the Court of Sessions of Ontario county, entered upon a verdict convicting the plaintiff in error of the crime of burglary and larceny. (Mem. of decision below, 21 Hun, 399.)

The material facts are stated in the opinion.

*E. W. Gardner* for plaintiff in error. It is only where an

accomplice is uncontradicted that a verdict based upon his testimony will be permitted to stand. (*People* v. *Doyle*, 21 N. Y. 578; *People* v. *Haynes*, 55 Barb. 450; 1 Wharton on Criminal Law [7th ed.], § 789; 7 Humph. [Tenn.] 479, 544; *Leake* v. *State*, 10 id. 144; *Hentage* v. *Hall*, 33 Barb. 347; 3 Graham & Waterman on New Trials [ed. of 1855], 1207, 1208, 1210, 1211, 1212; *Culhane* v. *N. Y. C., etc., R. R. Co.*, 67 Barb. 565; *Seibert* v. *Erie R. R. Co.*, 49 id. 586; *Somer* v. *Meeker*, 25 N. Y. 363.) Where a person who is directly interested in favor of the plaintiff in a cause is called by the defendant to prove a particular fact and is sworn as a witness, the plaintiff on cross-examination has a right to examine him generally as to the merits of the cause. (*Jackson* v. *Varick & Bacon*, 7 Cow. 238; affirmed, 2 Wend. 166; *Markley* v. *Swartstonder*, 8 Watts & S. [Penn.] 172; *Rhodes* v. *Com.*, 49 Penn. St. 396; *Morgan* v. *Bridges*, 2 Stark. 414; *Livingston* v. *Reech*, 34 N. Y. Supr. Ct. 547; 1 Wharton's Criminal Law, § [791 7th ed.]; *Lee* v. *State*, 21 Ohio St. 151.) The exclusion of the evidence offered to be given by the witness, Daniel Gates, and by Harvey L. Harmon, by way of contradicting Bush, was error. (*Gilbert* v. *Sage*, 5 Lans. 287.) The witness, Babbett, having testified on cross-examination that there was a question as to the prisoner's character from what people said of him the court erred in excluding an offer to show by him it had reference only to his drinking and trading horses. (*Bk. of N. Y.* v. *Benedict*, 1 Hall, 531; 1 Greenleaf's Ev., § 462, note 4; 2 Wend. 354.) On a conviction upon the evidence of an accomplice alone, this court will enforce most strenuously the rule that the accused had the right to insist that the testimony should be considered by the jury without possible error in the admission or rejection of evidence, tested by the strictest rules. (*People* v. *Haynes*, 55 Barb. 462; *People* v. *White*, 14 Wend. 114.)

*Frank Rice*, district attorney, for defendant in error. A party cannot, upon a cross-examination of a witness for the adverse party, draw out collateral statements, not material to the issue

on trial and then contradict such statements.   He is concluded by the answer of the witness.   (*Stape* v. *People*, 21 Hun, 399 ; *People* v. *Cox*, id. 47 ; *Carpenter* v. *Ward*, 30 N. Y. 243 ; *Harris* v. *Wilson*, 7 Wend. 57 ; *Lawrence* v. *Baker*, 5 id. 301 ; *Marx* v. *People*, 63 Barb. 618 ; *Howard* v. *City F. Ins. Co.*, 4 Denio, 502 ; *Rosenzweig* v. *People*, 6 Lans. 462 ; *Ross* v. *Ackerman*, 46 N. Y. 210.)   It was not error for the court to refuse to charge the jury that a conviction could not be had upon the uncorroborated testimony of an accomplice.   (*Haskins* v. *People*, 16 N. Y. 344 ; *People* v. *Costello*, 1 Denio, 83 ; *Frazer* v. *People*, 54 Barb. 306 ; *Wixon* v. *People*, 5 Park. 120 ; *People* v. *Haines*, 55 Barb. 450 ; *People* v. *Dyle*, 21 N. Y. 578 ; *People* v. *Lawton*, 56 Barb. 126 ; *Haskins* v. *The People*, 16 N. Y. 344.)

RAPALLO, J.   The prisoner was tried for burglary and larceny, claimed by the prosecution to have been committed in complicity with one Bush and Adelia, his wife.   The offense charged was the breaking and entering the barn of Murray Witter, and stealing therefrom his horse and buggy.   The prosecution depended wholly upon the testimony of these alleged accomplices, mainly that of Bush, for the conviction of the prisoner. The law does not absolutely prohibit a conviction upon such testimony, but every such case should be closely scrutinized, and the legal rights of the accused carefully guarded.   We have examined the numerous exceptions taken upon the trial, and have come to the conclusion that some of them are well taken and entitle the prisoner to a new trial.   It is not necessary to go further into the merits of the appeal than to specify one or two exceptions which we think should be sustained.

The prisoner was examined on his own behalf and contradicted positively the statements of the witness Bush, which charged him with complicity in the crime.   The question before the jury really was the relative credibility of Bush, who admitted his own guilt, and that of the prisoner, who claimed to be innocent.   The counsel for the prosecution called witnesses to impeach the general reputation of the prisoner and

show that he was not worthy of credit. The prisoner called witnesses to prove that his character was good and that he was worthy of belief. Charles Babbitt, one of these witnesses, testified that he had for twelve years been a neighbor of the prisoner and been acquainted with him and the people in his neighborhood, and had the means of becoming acquainted with his general character in that neighborhood, and that from that character he would believe him under oath. On cross-examination by the counsel for the prosecution, the witness was asked whether from the way that people talked about the accused there his character was good or bad, judging from what was said of him, to which question the witness answered that it preponderated on the side of good. The witness was then asked by the prosecuting counsel whether he meant to say that in his opinion there was a question about the character of the accused. The witness answered this question in the negative. He was then asked whether there was such a question according to what people said about him, and he answered this in the affirmative.

This cross-examination clearly disclosed that although the opinion of the witness as to the credibility of the prisoner was not affected by what was said about him in the neighborhood, yet that there were reports unfavorable to his character in circulation there, and the defense was clearly entitled to disclose what these reports were, so that the jury might judge in what respect they affected his character, and whether they were of such a nature as to impair his credibility as a witness. The counsel for the defense, therefore, asked whether they were in respect to his drinking and trading horses. This question was, under a general objection, excluded by the court and an exception taken.

We think this ruling was erroneous, and that it renders a new trial necessary. We also think that error was committed in excluding the evidence of the witness Daniel Gates, as to the declaration of Bush, that while on his way to Witter's on the night of the burglary in question, he stopped at Harmon's

for the purpose of stealing a horse there, and was only deterred by the bad appearance of the horse.

If the fact that Bush did stop at Harmon's as claimed, or his declaration that he did so, conflicted with Bush's testimony that he was at that very time proceeding to Witter's in pursuance of an arrangement with the prisoner for stealing Witter's horse, these were not collateral matters, but bore on the main issue, and Bush having denied the fact, and having denied making the declaration, it was competent to contradict him by the testimony of Gates. It seems to us that there was a conflict in the statements; Bush testified that the arrangement was that he was to proceed to the school-house, and there wait for the prisoner to bring Witter's horse, and that when the prisoner passed him on the road and told him to hurry up, Bush replied, " that he would be there as soon as the prisoner." Bush's declaration that at the very time he was contemplating stealing another horse at a different place, and actually attempted that theft, but that his reason for not accomplishing it was only the poor appearance of the horse, certainly conflicts in some degree with this testimony.

Without reference to the other points raised in this case, we think those which have been adverted to require that the judgment should be reversed and a new trial ordered.

All concur, except FOLGER, Ch. J., absent.

Judgment reversed.