### CRARY v. CRARY.

*(City Court of Brooklyn, General Term.　April 25, 1892.)*

1. DIVORCE—ADULTERY—UNCORROBORATED TESTIMONY OF CO-RESPONDENT.
    Where defendant, in an action for divorce on the ground of adultery, declines to testify on his own behalf, the jury may find for plaintiff on the uncorroborated testimony of the co-respondent.

2. SAME—LETTERS OF CO-RESPONDENT.
    Where co-respondent, in an action for divorce on the ground of adultery, testified that she had directly charged defendant with adultery in a letter to plaintiff, the court properly admitted in evidence a subsequent letter of co-respondent to another person, stating that she did not intend to make such charge in the letter to plaintiff.

Appeal from trial term.

Action by Lillie S. Crary against William P. Crary for divorce. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Howe & Hummel*, for appellant. *David Barnett*, for respondent.

CLEMENT, C. J. This action was brought to recover an absolute divorce, and the jury rendered a verdict for the plaintiff; and, from the judgment entered on such verdict at special term, this appeal is taken.

We are of opinion that the jury were fully justified by the evidence in finding their verdict that the defendant was guilty of adultery. If it be conceded that the co-respondent was not corroborated, her testimony was sufficient to take the case to the jury. There is no claim that there is any collusion between the parties, and the case has been vigorously litigated. The defendant was not called as a witness in his own behalf. In the case of *Schwier* v. *Railroad Co.*, 90 N. Y. 558, 564, the defendant did not call their engineer. Judge DANFORTH said: "While the omission to call the engineer as a witness is not evidence against the defendant of any fact, it is cause for taking such testimony as is in this case, and which, if untrue, he might have contradicted or explained, most strongly against it." See, also, *People* v. *Hovey*, 92 N. Y. 554. In the case now before us the court refused to charge that unless the co-respondent was corroborated the jury should find for the defendant, and we hold that he was right in such refusal. Prior to the enactment of section 399 of the Code of Criminal Procedure a prisoner could be convicted on the testimony of an accomplice alone. *Stape* v. *People*, 85 N. Y. 390; *People* v. *Everhardt*, 104 N. Y. 591, 11 N. E. Rep. 62. In an inquest at special term, in an action for absolute divorce, the court would not grant a decree on the testimony of the co-respondent without corroboration, for the reason that it would be unsafe to grant divorces by default on such testimony. If an action is litigated, and the court is satisfied that there is no fraud or collusion, the testimony of the co-respondent would seem sufficient when the defendant fails to take the witness stand to contradict the testimony. As in the case of *Schwier* v. *Railroad Co.*, *supra*, the testimony on behalf of plaintiff may be weak, and yet, in the absence of contradiction, it seems conclusive. Whatever the rule may have been in the ecclesiastical courts, there is no existing law or practice that, in a litigated action for divorce before a jury, corroboration should be required of the testimony of a co-respondent. The case should be submitted to the jury with proper instructions.

The counsel for the appellant complains that the plaintiff was allowed to answer certain questions. We agree with him that the answer at folio 51 should have been struck out, but the counsel afterwards conceded the fact. The other answers given, which were excepted to, were merely formal, and in no wise prejudiced the case of the defendant. No point arises in this case as to the right of the witness to hold a fan before her face when upon the stand, for it appears that no question was answered by her when she so held her fan.

The only ruling as to which there can be any question is as to the admission of the letter dated January 1st. The counsel for defendant offered a letter written by the co-respondent dated January 6th. The dates of the two letters are material; for before the offer of the letter of January 6th, in which was written, "If my statement to Lillie implied that, I did not intend it should," counsel for defendant had brought out, in cross-examination of the witness, that she had written to Lillie, (the plaintiff,) and told her that the charge against her was true, and that the first that she wrote to Lillie, making any statement which charged Mr. Crary with having committed acts of adultery with her, was when she got to Moriah's Corners, and had an interview with the father and mother of plaintiff, and that was some time in the early part of January. The counsel evidently brought out this testimony to show that, before writing the letter of January 6th, she had made a statement to Lillie; for he uses the word "statement" in his question. Counsel also wanted to show that the father and mother of plaintiff brought about the writing of the letter of January 1st. If the letter, Exhibit B, was not before the jury, they could not tell what prior statement she had made, whether the direct charge or by implication, as is intimated in the letter of January 6th. The counsel for defendant brought out twice that she had written the letter, and its contents; and we are inclined to hold that it was proper to admit it, for two reasons: *First,* because counsel for defendant had examined the witness as to its contents; *second,* to show that her testimony that she had charged adultery directly was true. The letter of January 6th seems to intimate that she had not charged adultery directly in her former statement, which was the letter of January 1st. She had sworn on her cross-examination that she had directly charged Mr. Crary with adultery in her letter to Lillie. The letter of January 6th had the effect to contradict such testimony. The letter was admissible to show that her testimony was true. The answer of Alma Anderson was not responsive to the question. Counsel moved to strike out the answer, which motion was denied. At that time he was in doubt whether the testimony was proper or not, and subsequently renewed his motion to strike out, which motion was granted, and the jury were instructed to disregard what she had said. We think that the rights of the defendant were fully protected by the learned judge. Judgment and order denying new trial affirmed, with costs.