## MORAN v. MORAN.

*(City Court of Brooklyn, General Term. June 27, 1892.)*

CANCELLATION OF DEEDS—FRAUD OF GRANTEE—WEIGHT OF EVIDENCE.

A deed purported to have been executed on March 18th, and appeared to have been acknowledged before a notary public on that day. In an action to cancel the deed two of plaintiff's witnesses testified that the deed was executed and acknowledged on March 20th, and that the grantee had by force taken the hand of the grantor, who was sick, placed a pen in it, and made a mark for her signature.

*Held*, that a judgment for defendant would not be reversed because the testimony of these witnesses was uncontradicted, the judge being at liberty to disbelieve them in view of the recital of the deed.

Appeal from special term.

Action by Michael Moran against Catherine Moran. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Thomas E. Pearsall*, for appellant. *J. W. & C. W. Ridgeway*, for respondent.

CLEMENT, C. J. This action was brought by the plaintiff to cancel a deed of record purporting to have been executed by Margaret Moran on March 18, 1891, to the defendant. The said Margaret is a sister of plaintiff and defendant, and died intestate on March 21, 1891. The deed is dated March 18th, and appears to have been acknowledged on the same day before a notary public, one Odasz, who died before the trial of this action. The plaintiff produced a witness, Andrew A. Joyce, who drew the deed, and who testified that the same was not signed or acknowledged on March 18th, but two days later. Joyce also testified, substantially, that the deceased refused to put her mark to the deed, and describes the manner of signing as follows: "In the mean time Margaret wrapped herself up in the coverlet, got her arms down alongside of her, turned a little to the right, and Kate got hold of her, and pulled her right arm out, and had the pen in her mouth, took hold of her hand, put the pen into it, and took hold of it, laid the deed down, and made a mark to it. That was the end of it. Odasz acknowledged it." Catherine Dahl, a witness for plaintiff, gave testimony tending to show that the deed was signed on March 20th. She says that "Catherine had a paper in her hand, and a pen in her mouth, and a chair right by the deceased woman's bedstead. And she took up my cousin Margaret's hand to sign the paper, and Margaret pulled back her hand." "And then Kate took it up again. Then she took the pen from her mouth and put it in Margaret's hand to sign the paper." The plaintiff's case depended on the credit given to the testimony of the two witnesses, Joyce and Catherine Dahl. The defendant was not examined on the trial, and no testimony was given tending to contradict the testimony of the two witnesses. The trial judge found that the deed was executed on March 18th, and rendered judgment for the defendant. The counsel for plaintiff contends that the decision is erroneous because there is nothing in the case to contradict the testimony of Mr. Joyce and Mrs. Dahl. If the defendant was competent as a witness, and had been examined at the trial and denied the testimony given by the two witnesses tending to show that the deed was not the free act of the deceased, then it is conceded that the issues involved would have been purely of fact, and the appellant could not have complained of the result. While it is true that the defendant could have denied many of the statements of Joyce as to what took place outside of the bedroom, (*Lewis* v. *Merritt*, 98 N. Y. 206,) yet she was not a competent witness to testify as to what took place when the deed was executed. Assuming that, if the defendant had been called, the plaintiff would not have objected to her testimony, we do not think it follows that the testimony of the two witnesses must be taken as true. If the plaintiff had brought an action of ejectment, and introduced the testimony in this case, it would have been error for the court to charge the jury that the defendant was bound to take the witness stand. *Bleecker* v. *Johnston*, 69 N. Y. 309. In this action, the deed appeared to have been acknowledged on March 18th, before a notary public who had died before the trial. This was testimony of weight tending to show that Joyce and Mrs. Dahl did not tell the truth when they said that the deed was not signed or acknowledged before March 20th. If the trial judge believed that the deed was signed on the 18th, then he was justified in disregarding the en-

tire testimony of Joyce, for he describes what took place on the 18th, 19th, and 20th in relation to the deed. The defendant was not bound, as a matter of law, to take the stand and give cumulative testimony as to the date of the execution of the deed, even though the counsel for the plaintiff stated in advance (which he did not) that he waived any objection. In the case of *Crary* v. *Crary*, (City Ct. Brook.) 18 N. Y. Supp. 753, if the jury had found for defendant, we would not have disturbed the verdict as against the weight of evidence. The learned counsel for the appellant has prepared an elaborate brief on the question of undue influence. We do not see that such question is involved in the case. The deed was not signed by the deceased, if Mr. Joyce is to be believed, but the defendant, by force, compelled the sick sister mechanically to make her mark. The question of fact was as to the execution or nonexecution of the deed. We have not thought it necessary to discuss the alleged contradictions in the testimony of Mr. Joyce and Mrs. Dahl. It is sufficient to hold that the judge who heard their testimony was not bound to believe them. The issues were purely of fact, and the decision is clearly not against the weight of evidence. The judgment must be affirmed with costs.