HART *v.* HART.

---

Where a reference is had to a master to report upon the allegations in a bill filed for a divorce on the ground of adultery, the facts of the adultery must be distinctly proved. The mere living together in the same house as man and wife, unaccompanied by proof of cohabitation, is insufficient. A decree for divorce *a vinculo matrimonii* is not to be founded upon conjectures.

---

Bill by wife against husband for divorce *a vinculo matrimonii*. A reference had been had to a master to take proof of the facts charged in the bill and to report his opinion. The master reported that from the facts sworn to by the only witness produced before him (whose affidavit was annexed to the report) there was sufficient to entitle the complainant to a divorce.

*July 14.
1834.*

*Practice.
Divorce.
Proof of a-
dultery.*

The witness swore that he had been to the defendant's house and was there introduced to a lady as Mrs. Hart, whose real name was Mary Braddock; that she had the charge of the defendant's house and acted as the mistress of it; and the defendant had admitted to the witness his having had cohabitation with Mary Braddock. Also, that the latter is reputed to be the wife of the defendant among his acquaintances. The report had been left with the court to be passed upon.

THE VICE-CHANCELLOR:—I have looked into the report and the affidavit annexed to it; but cannot think enough is shown to prove any act of adultery. The latter merely sets forth that the defendant is living separate from his wife and has a woman residing with him. No other cohabitation is proved. The court will not grant a decree in such a case upon conjectures. I must have stronger testimony before I make a decree. This report may go back to the master, for the purpose of giving the complainant an opportunity to strengthen the testimony.

Mr. *E. Morrill*, for the complainant.