CLARA B. ALLEN, Appellant, *v.* WALTER S. ALLEN, Respondent.

In a civil action the fact of adultery may be established by proof of such facts and circumstances, as, under the rules of evidence, are competent to be proved, and which satisfy the mind of the tribunal required to pass upon the question of the truth of the charge. It is not necessary to satisfy the mind beyond a doubt, or to lead the judgment as a necessary conclusion to the determination that adultery has been actually committed.

No different standard of judgment applies to such a case from that which in ordinary transactions guides the conclusions of intelligent and conscientious men.

(Argued January 28, 1886 ; decided March 2, 1886.)

THIS was an appeal from an order of General Term reversing a judgment in favor of plaintiff and granting a new trial.

The action was by a wife against her husband for a separation on the ground of cruel and inhuman treatment. The answer set up a cause of action against the plaintiff, and claimed judgment for an absolute divorce on the ground of adultery, as authorized by section 1770 of the Code of Civil Procedure.

The court here, after a consideration of the evidence, concurred with the General Term that the evidence was sufficient to sustain the answer. The following is an extract from the opinion :

" The referee, in his formal findings, found that the evidence did not establish the adultery charged. He states, in his opinion, that it failed to satisfy his mind beyond doubt that the intercourse between the plaintiff and Gove was criminal ; that while the evidence to sustain a charge of adultery must, in most cases, be largely circumstantial, yet the circumstances must be such as to satisfy the mind of the actual fact of adultery, and 'must lead the judgment not only by fair inference, but as a necessary conclusion, to the determination that adultery has been actually committed.' We do not understand this to be the true rule, although it has support in the language of this court in *Pollock* v. *Pollock* (71 N. Y. 137), which, however, was unnecessary to sustain the judgment in that case. The expression in *Pollock* v. *Pollock* was probably founded

upon the language of Sir William Scott, in his opinion in the leading case of *Lovenden* v. *Lovenden* (1 Hagg. Cons. 1), in which after stating as a fundamental rule, that it is not necessary to prove the actual fact of adultery, proceeded : ' In every case almost the fact is inferred from circumstances that lead to it by fair inference, as a necessary conclusion.' It is clear that Sir William Scott did not mean that adultery could only be established by circumstances from which no other possible conclusion could be drawn, for it is seldom that circumstantial evidence is of such a character that another inference than that to which the circumstances naturally lead cannot be suggested or is inconceivable. In another part of his opinion, the learned judge declares more fully the rule in respect to circumstantial evidence : ' The only general rule,' he says, ' that can be laid down upon the subject is that the circumstances must be such as would lead the guarded discretion of a reasonable and just man to the conclusion ; for it is not to lead a rash and intemperate judgment, moving upon appearances that are equally capable of two interpretations ; neither is it to be a matter of artificial reasoning, judging upon such things differently from what would strike the careful and cautious consideration of a discreet man.' It is plain from this language, that the learned judge did not, in the former part of his opinion, intend to lay down the rule that the fact of adultery could not be found upon circumstantial evidence, unless the circumstances admitted of no other possible conclusion.

" We understand the rule to be, that in a civil action, the fact of adultery may be proved by such facts and circumstances, as under the rules of law, are legal evidence, admissible in a court of justice, which clearly satisfy the mind of the tribunal which is required to pass upon the question of the commission of the act. In weighing the evidence and considering the facts and circumstances, great care is necessary, on the one hand, not to be misled by circumstances reasonably capable of two interpretations, into giving them an evil rather than an innocent one, nor, on the other, by refusing to give them their plain and natural significance on the theory that a different standard of judgment applies to such cases, from that which in ordinary

transactions guides the conclusions of intelligent and conscientious men. The circumstances must be considered separately, and also as a whole. The single threads of circumstance may be weak, but united, they often lead, with assured conviction, to the final fact which is the subject of the investigation. (*Williams* v. *Williams*, 1 Hagg. Cons. 299; *Durant* v. *Durant*, 1 Hagg. Ecc. 748; 2 Greenl. Ev., §§ 40, 41.)"

*Matthew Hale* for appellant.

*Arthur L. Andrews* for respondent.

ANDREWS, J., reads for affirmance of order, and for judgment absolute on stipulation.

All concur.

Order affirmed and judgment accordingly.