DORCAS U. VAN NAME, RESPONDENT, *v.* PAUL M. VAN NAME, APPELLANT.

*Entering a house of ill-fame with a woman and remaining there, evidence of adultery.*

Where, in an action for divorce, it appears that the defendant went with a woman to a house of ill-fame, and remained there about an hour, that fact, if unexplained, is sufficient to justify the inference of guilt by a court and jury.

APPEAL from a judgment in favor of the plaintiff for an absolute divorce·on a trial had at the Westchester Special Term.

*Maurice Meyer* and *Abraham Suydam,* for the appellant.

*Charles Haines,* for the respondent.

BARNARD, P. J.:

This is an action for an absolute divorce on the ground that the defendant had committed adultery. The only proof of the guilt of defendant consists of the fact that, on one evening specified, the defendant and another man left a beer saloon, in the city of New York, in company with two women. The party went to a designated house and all entered and remained about an hour. The defendant and the two women were then seen to come out of the house. The other man remained in the house. The house was proven to be a house of ill-fame by facts and general reputation. A cabman testified to the fact that he had carried parties to the house and left them there, " which I knew didn't belong there." The bad character of the house was proven under objection made by defendant. The case is not like *Kenyon* v. *The People* (26 N. Y., 203). In that case a woman, living with her mother, had been seduced under promise of marriage. It was held that the chastity of the prosecutrix could not be established by proof of her character nor by proof of the bad character of her mother's house. In the present case the proof of the character of the house is necessary to give weight to the evidence of guilt If parties were proven to go to the house with women and the house was of evil repute, the inference of guilt is inferable by a court and jury if unexplained. There was no explanation or evidence to contradict the inference.

We, therefore, think the finding of the court that the defendant was proven guilty of adultery should be sustained. (*Allen* v. *Allen*, 101 N. Y., 658.)

Judgment affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.