WELKE *v.* WELKE.

*(Supreme Court, General Term, Fifth Department. January 22, 1892.)*

1. DIVORCE—ADULTERY—WITNESSES.

In an action against a husband for divorce on the ground of adultery, it appeared that the parties were living apart, and that for some time before the action was brought defendant had living with him, as the only other member of his household, an unmarried woman of about his age, in the ostensible relation of housekeeper and domestic servant. The only additional evidence tending to support the charge

of adultery was the testimony of four men, entire strangers to defendant, who gained access to his house at night under shallow and absurd pretenses. They swore that their visits had no reference to an action for divorce, and did not know that such an action was contemplated. *Held,* that the referee, if convinced that such witnesses testified falsely as to their pretenses for such visits, had a right to reject the whole of their testimony as unworthy of credit.

2. SAME—WEIGHT OF EVIDENCE.

Where such testimony, so far as it tended to show illicit relations between defendant and such woman, beyond the fact that they occupied defendant's home, was directly contradicted by him and the woman, it failed to establish the fact of adultery.

Appeal from special term, Monroe county.

Action by Bertha Welke against Rudolph Welke for divorce on the ground of adultery. Judgment for defendant. Plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

C. M. Allen, for appellant.    W. F. Rampe, for respondent.

DWIGHT, P. J. The action was for a divorce on the ground of adultery. The parties were married in 1885, but lived together only a few weeks, and both have, apparently, been content to live separately since that time. One conceded fact in the case, no doubt, suggested to the plaintiff, or her advisers, the bringing of an action for an absolute divorce. That was the fact that for some months before the action was brought the defendant had living with him, as the only other member of his household, an unmarried woman, of about his own age, in the ostensible relation of housekeeper and domestic servant. This fact was calculated to excite suspicion, but was, of course, insufficient, in itself, to establish the charge of adultery. The only additional evidence tending to support that charge was furnished by the testimony of four men, entire strangers to the defendant, who gained access to his house —two of them in the evening, and three of them at midnight, a week later— under pretenses so shallow and absurd as to stamp these domiciliary visits with the character of gross outrages upon the privacy of the home. The referee undoubtedly rejected those pretenses as false, and believed that the sole purpose of the visits was to obtain evidence in support of the plaintiff's action, which was, shortly after, commenced. But, what is of more consequence, these persons on the trial of the action had the hardihood to insist, on their oath as witnesses, that their visits had no reference to an action of divorce; that they did not know that such an action was contemplated; and that their several invasions of the defendant's home were made for the purposes avowed at the time. So that, if the referee was convinced that the excuses for the visits were falsely pretended, he must have found that their testimony in that respect was false, and, in that case, he had the right to reject the whole of their testimony as unworthy of credit. *Pierson* v. *People,* 79 N. Y. 424.

Moreover, their testimony, so far as it tended to show illicit relations between the defendant and the woman living with him, beyond the fact that they were the only occupants of the apartments which constituted the defendant's home, was directly contradicted both by him and by the woman, except that the latter, who did not understand English, was unable to testify to the conversation between the defendant and his visitors. On this state of the evidence the finding of the referee that the fact of adultery was not proved was amply justified, and the complaint was properly dismissed. The judgment should be affirmed. All concur.