(6 Misc. Rep. 260.)

### BYRNE v. BROOKLYN CITY & N. R. CO.

(City Court of Brooklyn, General Term. December 26, 1893.)

NEGLIGENCE—EVIDENCE—CONDITIONS EXISTING AFTER ACCIDENT.

On an issue as to whether defendant's street-railroad track was defective at the time of the accident, evidence of its condition two months afterwards is admissible, where it was shown that the track was in the same condition then as at the time of the accident.

Appeal from trial term.

Action by Margaret Byrne against the Brooklyn City & Newtown Railroad Company. From a judgment in favor of plaintiff and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

J. Stewart Ross, for appellant.

Morris & Whitehouse, for respondent.

CLEMENT, C. J. We are of opinion that no error was committed by the learned trial judge in the admission of the testimony of Mr. Byrne as to the condition of the low spot in the outer rail on June 28, 1892. Mr. Stewart testified that the track was in the same condition as on April 25, 1892, the date of the accident. Though he never measured the depression of the rail, yet his testimony is to be construed to mean that the rails were in substantially the same condition on the two days, and that no repairs had been made between the two dates, and none up to the day of trial. Mr. Byrne stated that on June 28th the rail at about the middle of the curve was an inch and three-quarters lower than the adjoining one, and that the ends of the rails did not meet by half an inch, and that, if the outer rail was lower than the inner one on a curve, the effect on a car, as it struck such a place on the track, would be to produce a jolt, which effect was repeatedly noticed by Mr. Stewart in riding over the curve. The testimony of Mr. Stewart was the same as that given by Mr. Byrne, except that he did not measure the depression of the rail. Testimony similar to that given by Mr. Byrne was held to be proper by the court of appeals in the case of Wooley v. Railroad Co., 83 N. Y. 121, 129. Judge Folger there says:

"A witness, by plaintiff's counsel, was asked whether the switch, at the time of the trial, was as high as it was at the time of the accident. This is the ground of an exception. We think it was not error to admit the testimony. How it was at the time of the trial, or at any time after the accident, might be got at by actual measurement; and there might be, as there was, dispute as to how it was at the time of the mischance. So testimony that it was to appearance higher or lower at any intervening time was not incompetent, whether of more or less weight."

We have carefully read the testimony in this case, and conclude that the verdict was not against the weight of evidence. While the statements of one or two witnesses for the plaintiff are open to criticism, and while the case, at first sight, seems weak, yet our conclusion that the verdict should be upheld is greatly strengthened

by the fact that the testimony offered by the defense tending to show that the tracks from the time of the accident to the date of trial had not been out of repair is also weak.     Mr. Stewart, as stated before, testified that the track, at the point in question, was in the same condition on the date of trial—10 months after the accident—as on the day it occurred.     We must assume that the attorneys for the company were not surprised at the testimony of Mr. Stewart, as they made no such claim on the trial.     Three drivers for the defense testify that they noticed no jolt when their cars passed over the curve at or about the time of the accident, though one of them (Reilly) admitted that about two weeks before the trial he did notice that there was something the matter with the track at the place in question.     That the track was out of repair at the date of trial seems not to have been contradicted.     When it was first in that condition was a fair question for the jury.

We think that it is right to assume that the defendant employs men to inspect its tracks, and also has a superintendent of repairs, and that the defense would have been much stronger if the parties employed to perform the duty of inspection had been called to testify as to the date when the track was first discovered to be out of repair.     A party seeking a new trial on the ground that a verdict is against the weight of evidence must satisfy the court that he has called, or explained the absence of, any witness who could contradict the testimony of the opposing party, when the fact in question would be peculiarly within the knowledge of such absent witness.     A weak case for plaintiff is made strong when a witness who could contradict it is not called by the defendant.     Schwier v. Railroad Co., 90 N. Y. 558, 564; People v. Hovey, 92 N. Y. 554; Crary v. Crary, (City Ct. Brook.) 18 N. Y. Supp. 753.     If the jury had the right to find from the evidence that the track was in the condition testified to by Stewart and Byrne at the date of the accident, it would seem from a perusal of the case that the other question—whether or not the deceased was thrown off by the jolt of the car, caused by a defective track—was also properly submitted to the jury.     The duty imposed upon a street-railroad company to keep its track in repair and in good condition is well settled.     It owes such a duty to its passengers, (Gray v. Railroad Co., 61 Hun, 212, 15 N. Y. Supp. 927,) to foot travelers, (Schild v. Railroad Co., 133 N. Y. 446, 31 N. E. 327,) and to drivers of vehicles, (Wooley v. Railroad Co., supra.)     Judgment and order denying new trial affirmed, with costs.