SAMUEL H. KENYON, Appellant, *v.* LIZZIE KENYON, Respondent.

*Divorce — evidence — referee's opinion — the defendant's failure to give exculpating testimony — its effect.*

The rule of evidence in an action for a divorce *a vinculo* is the same as in other civil actions.

While a referee's opinion in such cases is not a part of the record it may be examined in order to ascertain the principles which governed his judgment.

Where upon the trial of an action for an absolute divorce direct evidence is given of the adultery of the defendant, and this is denied by her testimony, but, although able to do so, she fails to call the person with whom it is charged that she committed the act, the failure to produce such exculpating testimony, while not conclusive as to the fact in dispute, creates a strong presumption against the defendant and tends to strengthen the plaintiff's case.

APPEAL by the plaintiff, Samuel H. Kenyon, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of Madison county on the 15th day of January, 1895, upon the report of a referee dismissing the complaint.

Plaintiff's complaint avers that the defendant has committed

88  211
3ap112
88  211
12ap193
13ap330
88  211
19ap513
20ap149
88  211
21ap 24
88h 211
f50ad458
88h 211
55ad123
88h     211
74 AD³579
74 AD³580

adultery, and alleges " That the said defendant, on or about the 31st day of March, 1894, in the town of Lebanon, in said county of Madison, N. Y., and at the hop kiln of Morris Campbell in said town, did commit adultery and have carnal connection with one Charles C. Green ; and that the said defendant did, at various times between the first day of December, 1893, and this action, commit adultery and have carnal connection with the said Charles C. Green." It is alleged that the parties were married on the first of June, 1892, and that they continued to live together as man and wife until about the 20th of October, 1893. The answer admits the marriage and that the parties lived together as man and wife until the 20th day of October, 1893, and that they never had any issue, and denies the other allegations of the complaint. The referee found as a conclusion of fact, viz. : " That the defendant has not been guilty of adultery as alleged in the plaintiff's complaint ;". and ordered judgment dismissing plaintiff's complaint. The report was presented to a Special Term in January, 1895, held in Onondaga county, and the report was confirmed, and thereupon the judgment appealed from was entered in Madison county on the 15th day of January, 1895. Exceptions were filed by the plaintiff to the conclusion of fact already stated and to the conclusion of law already stated.

*S. B. Cloyes* and *H. B. Coman,* for the appellant.

*J. A. Johnson* and *S. Perry Smith,* for the respondent.

HARDIN, P. J. :

*Allen* v. *Allen* (18 Wkly. Dig. 184 ; S. C. affd., 101 N. Y. 658, and reported in 4 East. Rep. 259) is an authority holding that " the rule of evidence in an action for divorce *a vinculo* is the same as in other civil actions." In the course of the opinion delivered in the General Term in that case BOARDMAN, J., said : " While we may not examine the referee's opinion to ascertain what he decided, we may learn therefrom the principles governing his judgment." In *Murray* v. *Fox* (39 Hun, 116), near the close of the opinion, BRADLEY, J., says : " And, although the opinion is no part of the record, it may be referred to for some purposes. (*Snyder* v. *Snyder,* 96 N. Y. 88 ; *Allen* v. *Allen,* 18 Wkly. Dig. 184.) "

Having carefully read and studied the evidence found in the appeal book, we have reached a different conclusion from the referee upon the important issue of fact tried before him. Archie Campbell, a witness called for the plaintiff, testifies positively that he witnessed the defendant committing an act of adultery with one Green on the 31st of March, 1894. Nothing appears in his testimony rendering him, apparently, unworthy of credence. The defendant, however, when a witness, denied the circumstances related by Campbell and sought to give circumstances tending to support her evidence. Neither party called Green as a witness upon the trial, and the learned referee, in the opinion which he delivered in connection with his report, refers to that circumstance. He says: " Besides this, we think Green should have been called to corroborate him (Campbell), if not to the fact of adultery, to such surrounding circumstances as he would have been obliged to testify to. * * * In this case Green has not been called by either side. It was not the duty of the defendant to show that she was not guilty of adultery ; it was the duty of the plaintiff to establish the fact affirmatively, and to prove such circumstances that the defendant would be compelled to establish her innocence by all the evidence that she could procure for that purpose. Green lives in the neighborhood of both parties to this action and could readily have been put on the witness stand, but, without excuse or explanation, he has not been sworn. The fact that he was not called by the plaintiff surrounds his case with suspicion and leaves doubts and uncertainties in existence which might possibly have been removed by his evidence. It is known to the referee that Green and the plaintiff have been intimate associates and friends, and we think he should be called as a witness, for if he declined to admit or deny the alleged adultery, as he probably would have a right to in court, he could have testified whether he was in company with the defendant any time that evening, and probably other circumstances of importance in the case." We are inclined to think the referee laid an erroneous rule upon the plaintiff in respect to the absence of Green as a witness.

In *Rider* v. *Miller* (86 N. Y. 507) the defendant was charged with having committed a fraud in obtaining a deed through the instrumentality of one Schooley, who was present and took part in

the negotiations and transaction with the grantor. The defendant did not call Schooley as a witness, and in the course of the opinion delivered in that case it was said that the omission bore very much against the defendant and tended to strengthen the plaintiff's case.

In *Gordon* v. *The People* (33 N. Y. 501) it was said that an omission to produce evidence which will exculpate is not conclusive of the fact in dispute; but that the absence creates a strong presumptive evidence against the party who might thus have called to his aid the testimony omitted; and that the force of such circumstance should be left as a question for a jury or trial court to consider. In the course of the opinion, at page 509, it was said, in speaking of the absence of such evidence, viz.: "In a doubtful case it would justify the jury in resolving the doubt against him;" citing numerous cases to sustain the proposition.

In *Schwier* v. *N. Y. C. & H. R. R. R. Co.* (90 N. Y. 558) there was an omission to call the engineer, and evidence was given warranting certain inferences which presumptively he might have rebutted, and in speaking of the absence of his testimony, DANFORTH, J., says: "It was not given, and while the omission to call the engineer as a witness is not evidence against the defendant of the existence of any fact, it is cause for taking such testimony as is in the case — and which, if untrue, he might have contradicted or explained — most strongly against it. (*Bleecker* v. *Johnston,* 69 N. Y. 309.)"

In *Crary* v. *Crary* (18 N. Y. Supp. 753; S. C., 46 N. Y. St. Repr. 307) the doctrine just referred to is approved, and near the close of the opinion in *People* v. *Hovey* (92 N. Y. 554) the same doctrine is referred to, and RUGER, Ch. J., says: "A jury would have the right to infer that the evidence of an eye-witness to a transaction would not be favorable to a party who voluntarily excluded such witness from testifying in the case."

In *Byrne* v. *B., C. & N. R. R. Co.* (58 N. Y. St. Repr. 128) it was said: "A weak case for plaintiff is made strong when a witness who could contradict it is not called by the defendant."

We are inclined to the opinion that the learned referee did not apply the rule sustained by the authorities which we have referred to. It is very obvious from the course of the trial and the facts and circumstances developed therein, that had the defendant called the witness Green to the stand, if the version which she gives is a

correct one, he would have sustained her. An omission to call him gives rise to a strong presumption that he would not so testify ; that he would not deny the facts and circumstances or the details of the overt act stated by the witness Campbell.

The foregoing views lead us to the conclusion that the referee fell into an error in reaching the conclusion stated in his report.

Considerable evidence was given relating to another occasion when the defendant is alleged to have committed adultery, but we forbear to comment upon that inasmuch as a new trial may develop a new state of facts and further evidence than now appears before us.

The judgment must be reversed on the law and facts and a new trial ordered, with costs to abide the event.

MARTIN and MERWIN, JJ., concurred in result.

*Judgment reversed on the law and facts and a new trial ordered, with costs to abide the event.*