## SCHMIDT v. CONEY ISLAND & B. R. CO.

(Supreme Court, Appellate Division, Second Department.   February 15, 1898.)

1. STREET RAILWAYS—INJURY TO PASSENGER—NEGLIGENCE.

It appeared that deceased was riding in one of defendant's electric cars with his back towards the front of the car, and his side next to the guard rail along the side of the car nearest the line of trolley poles standing between the two tracks; that, the wind having blown off his hat, he arose, grasped the stanchion of the car at his right hand, and stood for an instant, as though to signal to the conductor; that he then suddenly swayed, though he remained standing on the floor of the car, and was struck by a trolley pole. There was also evidence that at the time of the accident the car swayed from side to side, and moved at a dangerous rate of speed.   *Held,* that a finding of negligence on the part of defendant and of freedom from contributory negligence on the part of deceased was justified by the evidence.

2. SAME—EVIDENCE.

On an issue as to the negligent operation of an electric car at the time of an accident, testimony that another car, moving over the same part of the road, a month later, was negligently operated, was inadmissible, where it did not appear that such car was similar to the one on which the accident occurred, or that it was operated under like conditions.

Appeal from trial term, Kings county.

Action by Julia R. Schmidt, administratrix, etc., of Clifford A. Schmidt, deceased, against the Coney Island & Brooklyn Railroad Company, for the death of plaintiff's intestate.   From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William N. Dykman, for appellant.

Nathaniel H. Clement, for respondent.

WILLARD BARTLETT, J.   The plaintiff has recovered a verdict of $15,000 against the defendant for negligently causing the death of her husband, Clifford A. Schmidt, who was a passenger on one of its electric trolley cars, on the way from Coney Island to Brooklyn, on the afternoon of the 16th day of May, 1895.   The motive power on the defendant's line is applied by what is known as the center-post system, the wires through which the electric current is conveyed to the cars being supported by posts set between the two tracks.   At the time of the accident Mr. Schmidt was seated at the end of the forward seat of an open car, with his back towards the front and his side next to a guard rail which ran along the side of the car nearest the line of posts.   At a point about a mile and a half from the Brighton Beach Hotel, when, according to one of the witnesses, the car began to go so fast that it swayed a great deal, a gust of wind blew off Mr. Schmidt's hat.   He arose from his seat, grasping the stanchion of the car at his right hand, and stood for an instant, as though to beckon to the conductor.   At this moment his body was seen suddenly to sway,—although his feet did not leave the floor of the car;—his head came in contact with one of the trolley poles, and he sank, fatally hurt, down upon the floor of the car.   The learned trial judge charged the jury

that, if the plaintiff's intestate leaned out of the car, either volunta-
rily or involuntarily, there could be no recovery in the case.    He held,
however, that there was evidence from which the jury might find
negligence on the part of the defendant and freedom from contributory
negligence on the part of the deceased passenger, if they should think
that he acted with ordinary prudence, and that his body was thrown
outside the car without any volition on his part by the violence of the
car's swaying and plunging, and such swaying and plunging were
caused by an unusual and dangerous rate of speed under the existing
circumstances and conditions.    Mr. Schmidt was an accomplished
musician, who had been a concert master in Mr. Anton Seidl's or-
chestra.    He was earning a handsome income, and no fault is found
with the amount of the verdict if the plaintiff is entitled to recover
at all.    It is earnestly contended in behalf of the appellant, however,
that there was no evidence that the rate of speed of the car was exces-
sive or dangerous, and also that the proof conclusively established the
negligence of the deceased in voluntarily leaning out of the car, and
thus bringing his death upon himself.    I do not find it possible to ac-
cept either of these views as correct.    As I read this record, it affords
ample basis for a finding that at the time of the accident the car
swayed from side to side in such a manner as to endanger the safety of
any passengers occupying that part of the car nearest the line of trolley
poles, who had occasion for any purpose to assume a standing position,
in view of the fact that the poles were only 23¾ inches from the floor
of the car.    It may well be inferred that such swaying was due to
the speed at which the car was propelled over an uneven track.    It
does not necessarily follow from the fact that no such accident had
ever occurred before that the defendant was not bound to take some
care to avert a casualty of that character, if the conditions were such
as to suggest a probability of the occurrence.    There was nothing
blameworthy in the act of the passenger in arising to signal the con-
ductor in consequence of the loss of his hat.    Such conduct, under
such circumstances, is almost instinctive, and, in the very nature of
things, can never be the result of conscious forethought.    It seems to
me that in the management and operation of open cars, in the spring
and summer, over such a line as that of the defendant, many cases
must occur in which it is entirely proper, and to be expected, that the
passengers will arise from their seats for some momentary purpose;
and that reasonable care demands that the cars shall be run with some
reference to such probabilities.

With these views I should have no difficulty in sustaining this judg-
ment, were it not for some errors in the admission of evidence upon
the trial.    It is only necessary to refer to one of these.    Richard
Schermerhorn, a civil engineer and railroad man, who was called by
the plaintiff as an expert, was allowed to state to the jury his observa-
tions as to the vertical and lateral oscillation of the cars over the de-
fendant's road, about a month after the accident.    His testimony on
this subject was objected to on the ground that the conditions were
not shown to be the same, or the car, or the load upon the car, or the
rate of speed.    The evidence was received over the defendant's ob-
jection and exception, and the witness testified to a vertical oscillation

of from 12 to 16 inches, and a lateral motion of 6 inches. One of the cars on which he made his experimental observations was admitted to resemble the car upon which the accident occurred in general likeness and dimensions; but he also testified to his experience upon other cars, as to which he could only say that in general appearance they all looked alike. It was error to admit this proof. Unless the conditions were shown to be the same, the fact that a particular car in June swayed and plunged while moving over the part of the road where the accident occurred, did not tend to show that another car, in May, swayed and plunged at the same place. The negligence or absence of negligence on the part of the defendant at the time the plaintiff's intestate was killed depended chiefly upon the manner in which the car was operated, and evidence that a train was run carelessly on one occasion is not evidence that it was so run on another. Cohn v. Railroad Co., 6 App. Div. 196, 39 N. Y. Supp. 986. The case of Byrne v. Railroad Co., 6 Misc. Rep. 260, 26 N. Y. Supp. 760, affirmed 145 N. Y. 619, 40 N. E. 163, does not help the plaintiff, for there it was proved that the condition of things at the time when the observations were made, subsequent to the accident, was the same as existed at the time of the accident.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.