JULIA R. SCHMIDT, as Administratrix, etc., of CLIFFORD A. SCHMIDT, Deceased, Respondent, *v.* THE CONEY ISLAND AND BROOKLYN RAILROAD COMPANY, Appellant.

*Negligence — death of a passenger caused by his swaying while standing in a moving open car and striking a post near the track — expert testimony as to oscillations of cars a month after the accident.*

A passenger upon an open car on an electric railroad, supplied with power from wires running on posts set between the tracks, and less than two feet distant from the floor of the car, had his hat blown off, and rose from his seat in the car to signal to the conductor, when his body swayed from the rough motion of the car, and his head came in contact with one of the poles, and he fell to the floor of the car fatally injured.

*Held,* that it was proper to submit to the jury the question whether, at the time of the accident, the car, by reason of the speed at which it was being propelled, swayed from side to side in such a manner as to endanger the safety of a passenger, occupying that part of the car nearest to the line of trolley poles, who had occasion for any purpose to assume a standing position;

That there was nothing blameworthy under the circumstances in the passenger having risen to signal the conductor.

Testimony of a civil engineer and railroad man as to the vertical and lateral oscillation of cars on the same track a month after the accident, not accompanied by any proof that the conditions as to the load and speed were the same as at the time of the accident, is inadmissible.

APPEAL by the defendant, The Coney Island and Brooklyn Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 1st day of May, 1897, upon the verdict of a jury for $15,000, and also from an order entered in said clerk's office on the 3d day of May, 1897, denying the defendant's motion for a new trial.

*William N. Dykman,* for the appellant.

*Nathaniel H. Clement,* for the respondent.

WILLARD BARTLETT, J.:

The plaintiff has recovered a verdict of $15,000 against the defendant for negligently causing the death of her husband, Clifford A. Schmidt, who was a passenger on one of its electric trolley cars on the way from Coney Island to Brooklyn on the afternoon of the 16th day of May, 1895. The motive power on the defendant's line is applied by what is known as the center-post system, the wires through which the electric current is conveyed to the cars being supported by posts set between the two tracks. At the time of the accident Mr. Schmidt was seated at the end of the forward seat of an open car, with his back toward the front and his side next to a guard rail which runs along the side of the car nearest the line of posts. At a point about a mile and a half from the Brighton Beach Hotel, when, according to one of the witnesses, the car began to go so fast that it swayed a great deal, a gust of wind blew off Mr. Schmidt's hat. He arose from his seat, grasping the stanchion of the car at his right hand, and stood for an instant as though to beckon to the conductor. At this moment his body was seen suddenly to sway — although his feet did not leave the floor of the car — his head came in contact with one of the trolley poles and he sank, fatally hurt, down upon the floor of the car.

The learned trial judge charged the jury that if the plaintiff's intestate leaned out of the car, either voluntarily or involuntarily, there could be no recovery in the case. He held, however, that there was evidence from which the jury might find negligence on the part of the defendant and freedom from contributory negligence on the part of the deceased passenger, if they should think that he acted with ordinary prudence, and that his body was thrown outside

the car without any volition on his part by the violence of the car's swaying and plunging, and such swaying and plunging were caused by an unusual and dangerous rate of speed under the existing circumstances and conditions.

Mr. Schmidt was an accomplished musician, who had been a concert master in Mr. Anton Seidl's orchestra. He was earning a handsome income, and no fault is found with the amount of the verdict if the plaintiff is entitled to recover at all. It is earnestly contended in behalf of the appellant, however, that there was no evidence that the rate of speed of the car was excessive or dangerous, and also that the proof conclusively established the negligence of the deceased in voluntarily leaning out of the car and thus bringing his death upon himself.

I do not find it possible to accept either of these views as correct. As I read this record it affords ample basis for a finding that at the time of the accident the car swayed from side to side, in such a manner as to endanger the safety of any passengers occupying that part of the car nearest the line of trolley poles, who had occasion for any purpose to assume a standing position, in view of the fact that the poles were only twenty-three and three-quarter inches from the floor of the car. It may well be inferred that such swaying was due to the speed at which the car was propelled over an uneven track. It does not necessarily follow from the fact that no such accident had ever occurred before that the defendant was not bound to take some care to avert a casualty of that character, if the conditions were such as to suggest a probability of the occurrence. There was nothing blameworthy in the act of the passenger in arising to signal the conductor in consequence of the loss of his hat. Such conduct under such circumstances is almost instinctive, and in the very nature of things can never be the result of conscious forethought. It seems to me that in the management and operation of open cars, in the spring and summer, over such a line as that of the defendant, many cases must occur in which it is entirely proper and to be expected that the passengers will arise from their seats for some momentary purpose, and that reasonable care demands that the cars shall be run with some reference to such probabilities.

With these views I should have no difficulty in sustaining this

judgment were it not for some errors in the admission of evidence upon the trial. It is only necessary to refer to one of these. Richard Schermerhorn, a civil engineer and railroad man, who was called by the plaintiff as an expert, was allowed to state to the jury his observations as to the vertical and lateral oscillation of the cars over the defendant's road about a month after the accident. His testimony on this subject was objected to on the ground that the conditions were not shown to be the same, or the car, or the load upon the car, or the rate of speed. The evidence was received over the defendant's objection and exception, and the witness testified to a vertical oscillation of from twelve to sixteen inches, and a lateral motion of six inches. One of the cars on which he made his experimental observations was admitted to resemble the car upon which the accident occurred in general likeness and dimensions; but he also testified to his experience upon other cars, as to which he could only say that in general appearance they all looked alike. It was error to admit this proof. Unless the conditions were shown to be the same, the fact that a particular car, in June, swayed and plunged while moving over the part of the road where the accident occurred, did not tend to show that another car, in May, swayed and plunged at the same place. The negligence, or absence of negligence, on the part of the defendant, at the time the plaintiff's intestate was killed, depended chiefly upon the manner in which the car was operated, and evidence that a train was run carelessly on one occasion is not evidence that it was so run on another. (*Cohn* v. *N. Y. Central & H. R. R. R. Co.*, 6 App. Div. 196.) The case of *Byrne* v. *Brooklyn City & Newtown R. R. Co.* (6 Misc. Rep. 260; affd., 145 N. Y. 619) does not help the plaintiff, for there it was proved that the condition of things, at the time when the observations were made subsequent to the accident, was the same as existed at the time of the accident.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.