## ROTH v. ROTH.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. DIVORCE—ADULTERY—EVIDENCE—ADMISSIBILITY.
    In an action for divorce for adultery, evidence of an adulterous act not in issue, prior to those alleged, is admissible to show a lascivious desire, such that when there was subsequently an opportunity it was probable that adultery was committed.

2. SAME—DEGREE OF PROOF REQUIRED.
    While circumstantial evidence in a divorce action must, to establish adultery, be irreconcilable with the theory of innocence, it need not exclude every doubt of guilt, nor be such as to admit of no other possible conclusion.

¶ 1. See Divorce, vol. 17, Cent. Dig. § 373.

3. SAME—INSTRUCTION.

> In an action for divorce for adultery, an instruction to find for defendant because the facts proved by the plaintiff are reconcilable with the theory of innocence was properly refused; it being for the jury to say whether they were reconcilable with the theory of innocence.

4. SAME.

> An instruction in an action for divorce for adultery that if, from the evidence, there is an inference of innocence as well as of guilt, the jury are bound to find the defendant innocent, was properly refused, since the inference of guilt may be the stronger, and the evidence not reconcilable with the theory of innocence.

5. SAME.

> An instruction in a divorce action that, while adultery may be proved by presumptive evidence alone, such evidence must lead inevitably to the fact, exclusive of every other conclusion, was properly excluded, as requiring too high a degree of proof.

Appeal from Special Term, New York County.

Action by Isaac N. Roth against Julia Roth for divorce. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Jesse S. Epstein, for appellant.

Hugo Wintner, for respondent.

LAUGHLIN, J. The evidence of defendant's adultery is ample to sustain the verdict and decision.

Two exceptions require consideration. One of the issues submitted to the jury was whether the defendant committed adultery with the co-respondent on the 3d day of July, 1901, at No. 235 Brook avenue; and another issue was as to whether she committed adultery at the same place with the co-respondent between the 9th day of September and the 20th day of December in the same year; and a third issue was whether she had committed a similar act with the co-respondent at a cottage in Patchogue. There was satisfactory circumstantial evidence of her commission of adultery with the co-respondent at the place mentioned on the 3d day of July, 1901, but this had been condoned. There was ample evidence that she and the co-respondent had been together at the same place between the 9th day of September and the 20th day of December, 1901, and at Patchogue at the time specified, under circumstances affording an opportunity for the commission of similar acts. The court received evidence tending to show, and sufficient to justify the inference, that during a night shortly after the 6th of July, 1901, the co-respondent occupied a bedroom with the defendant at said No. 235 Brook avenue. This evidence was received under defendant's objection and exception that it was not within the issues, and that evidence of specific acts of adultery, other than those specified, was inadmissible. The judgment is not predicated upon a finding of adultery upon that occasion. The evidence was received merely for the purpose of showing an inclination and lascivious. desire, from which the jury might infer that on the subsequent occasions when the parties were together during the period covered by the issues submitted, under cir-

cumstances affording an opportunity for the gratification of such inclination and desire, it was probable that they committed adultery. For this purpose, we think the evidence was admissible.

The learned trial justice was evidently of opinion that the rule laid down by the Court of Appeals in Pollock v. Pollock, 71 N. Y. 137, to the effect that in an action for divorce, depending upon circumstantial evidence, where the facts and circumstances are as consistent with innocence as with guilt, or are reconcilable with innocence, the plaintiff is not entitled to recover, has been overruled by Allen v. Allen, 101 N. Y. 658, 5 N. E. 341. While it would seem from the opinion in Allen v. Allen, supra, that the Court of Appeals did intend to modify the doctrine of Pollock v. Pollock, supra, yet the doctrine announced in the Pollock Case has been frequently reaffirmed by the Court of Appeals in divorce cases and in cases involving issues of fraud. Conger v. Conger, 82 N. Y. 603; Lopez v. Campbell, 163 N. Y. 340, 57 N. E. 501. In Lopez v. Campbell, supra, the Court of Appeals say: "While a material fact may be established by circumstantial evidence, still, to do so, the circumstances must be such as to fairly and reasonably lead to the conclusion sought to be established, and to fairly and reasonably exclude any other hypothesis. Where the evidence is capable of an interpretation which makes it equally consistent with the absence as with the presence of a wrongful act, that meaning must be ascribed to it which accords with its absence. In other words, it can only be established by proof of such circumstances as are irreconcilable with any other theory than that the act was done"—and cite the Pollock Case, among others, as authority for that proposition. The doctrine of the Pollock Case to the effect here stated has recently been expressly approved by this court in Poillon v. Poillon, 78 App. Div. 127, 129, 79 N. Y. Supp. 545. In the Allen Case, supra, we think the Court of Appeals merely intended to disapprove of those expressions in the opinion in the Pollock Case which are to the effect that the evidence must satisfy the court or jury beyond a doubt of the guilt, and that the fact of adultery could not be found upon circumstantial evidence unless the circumstances admit of no other possible conclusion. At the close of the charge, counsel for defendant drew the attention of the court to a request which he had submitted, but which he did not read in the presence of the jury, saying, "It is virtually what the court says in the case of Pollock v. Pollock." To this the court replied, "That has been distinctly overruled by Allen v. Allen, 101 N. Y. 658 [5 N. E. 341], which I just read to the jury. They overruled Pollock v. Pollock." Counsel for the defendant thereupon took an exception. This exception, in and of itself, presents no error, for it does not appear just what the court declined to charge. Subsequently counsel for the defendant specifically requested the court "to direct the jury to answer the questions presented to them in the negative, because the facts and circumstances proved by the plaintiff are reconcilable with the theory that the act had not been committed," and to the refusal of the court to so instruct the jury an exception was taken. No error was presented by this exception, for the reason that it was a question for the jury. It could not be

affirmed, as matter of law, that the facts and circumstances proven were reconcilable with the theory of innocence. Counsel for the defendant thereupon requested the court to charge "that if, from the facts presented, there is an inference of innocence as well as of guilt, the jury are bound to answer in the negative." This the court declined, saying that the jury had already been instructed in the language of the Court of Appeals, and that the burden was clearly upon the plaintiff of showing the commission of the acts by a fair preponderance of credible evidence. Counsel for the defendant duly excepted. The refusal to instruct the jury in the language of this request presents no error. If granted, it would only have confused the minds of the jurors. If there was in one view of the evidence an inference of guilt, and in another view an inference of innocence, it does not necessarily follow that the evidence is as consistent with innocence as with guilt, or is reconcilable with the theory of innocence. The inference of guilt may be stronger than the inference of innocence. Counsel for defendant also requested the court to direct the jury, in substance, to find in favor of the defendant on the main issues submitted, on the ground that the facts testified to by the witnesses for the plaintiff were capable of the interpretation that the act of adultery had not been committed, and also on the ground that the facts and circumstances proven were reconcilable with the theory of innocence, and excepted separately to the court's refusal to so charge. The evidence did not warrant or require the inference of innocence as matter of law. These requests were therefore properly refused. Counsel for the defendant also requested the court to instruct the jury that, before they could answer the issues in the affirmative, they must come to the conclusion that no other inference than guilt could be drawn from the evidence, and that, while the act of adultery might be established by presumptive evidence alone, "yet such evidence must lead inevitably to that fact, exclusive of every other conclusion," and to the refusal of the court to so charge he duly excepted. That request, we think, fairly falls within the condemnation of the views expressed by the Court of Appeals in the Allen Case. These requests were handed up, but were not read aloud or stated in the presence of the jury. A direction that if the evidence was equally consistent with innocence as with guilt, or that if the evidence was reconcilable with the theory of innocence, the defendant was entitled to a verdict, would have been proper, and would have aided the jury; but, as has been seen, the defendant has not fairly raised the question by request and exception. Moreover, the main charge of the court, which was able and instructive, was quite favorable to the defendant upon the law. The jury were instructed, among other things, that:

"The burden is upon the plaintiff from first to last in the case. He must satisfy you by a fair preponderance of credible evidence of the propositions I have heretofore indicated to you: First, that these parties had the lascivious desire; and, second, that they had the opportunity to gratify it; and, third, that they did gratify it. That you may find as an inference. That is to say, you are not called upon to receive direct proof of the fact; but, given the desire and intent and opportunity, you may, if you are satisfied by a fair preponderance of credible evidence— If you can say it is likely and probable,

and necessarily followed from the preceding circumstances, that they did commit the act, you may find it, although no one saw it."

We are of opinion, therefore, that these exceptions present no reversible error.

The other exceptions in the case have been examined, but require no special mention.

It follows, therefore, that the judgment should be affirmed. All concur.