## HEBBERD v. MAYO.

(Supreme Court, Appellate Term. January 17, 1906.)

LANDLORD AND TENANT—LETTING FOR INDEFINITE TIME.

　　Statement of the owner of land to one who has taken a lease for two years, void because from one having no title, that the lease is as good as gold, and that she can stay for the two years if she will pay $3 per month extra, neither constitutes a ratification of the lease or a valid letting for two years, nor a letting for an indefinite period.

　　[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 92.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Summary proceedings by Isaac N. Hebberd, landlord, against Margaret Mayo, tenant. From a final order in favor of the tenant, the landlord appeals. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Benjamin F. Gerding (Myron Winslow, of counsel), for appellant.

DOWLING, J. This was a summary proceeding to dispossess the defendant from certain premises in this city, and, the defendant succeeding, a final order was entered in her favor, from which order the landlord appeals.

The landlord became the owner of the premises by purchase at a partition sale, and received a deed therefor November 1, 1904. It appears that subsequent to that day the defendant had obtained a lease for two years from one of the parties defendant in the partition action, and upon the trial herein, while substantially conceding that such lease was unenforceable, claimed that the landlord had agreed that she might remain as a tenant for the term of the lease, viz., two years. This was disputed by the landlord, who gave testimony to the effect that after he had become the owner of the property the defendant became his tenant under an oral letting from month to month, and that she continued to occupy the premises from November 1, 1904, to the time these proceedings were instituted, paying rent monthly. The giving of five days' notice was admitted. The learned trial judge wrote an opinion in which he held that there was no tenancy from month to month, but that there was a letting in which the duration of the occupancy was not fixed, and it therefore continued until May 1, 1906, under section 202 of the real property law (Laws 1896, p. 591, c. 547). While an opinion is not a part of the record, it may be examined in order to ascertain the principles which govern the judgment. Kenyon v. Kenyon, 88 Hun, 211, 34 N. Y. Supp. 720. There does not seem to be any evidence of an uncertain duration of the occupancy.

The contention of the landlord is clear; his claim being that there was a letting from month to month. The tenant bases her right to possession upon (1) a lease which concededly is void; and (2) that the landlord had said to her, referring to the void lease, "that lease is good as gold," and that she could stay for the two years named in the lease, if she would pay $3 per month extra rent. It is needless to say that such a statement made by the landlord does not constitute a ratification of the void lease, nor a valid letting for two years, nor does it constitute a letting for an indefinite period. It follows, therefore, that a judgment based upon a finding that there was a letting for an uncertain term is without evidence, and cannot be sustained.

Final order reversed, and a new trial ordered, with costs to the landlord appellant to abide the event. All concur.