## AXTELL v. AXTELL.

(Supreme Court, Special Term, New York County. December 3, 1909.)

1. DIVORCE (§ 129*)—ADULTERY—EVIDENCE—OPPORTUNITY.
   The living together of a man and a woman as boarder and mistress may be one of the elements of an adulterous relation necessary to authorize a divorce for adultery, but is not sufficient, without proof of lascivious desire and improper intimacy.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 411, 419, 420, 424; Dec. Dig. § 129.*]

2. DIVORCE (§ 129*)—ADULTERY—EVIDENCE.
   Adultery, in an action for divorce, may be shown by circumstantial evidence.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 419; Dec. Dig. § 129.*]

3. DIVORCE (§ 129*)—ADULTERY—IMPROPER INTIMACY—ILLICIT DESIRE.
   Improper intimacy and illicit desire, as elements of adultery, may be shown in an action for divorce by proof of the relations of the parties, their conduct toward each other, what demands their relations might make for constant or frequent intercourse, words, gestures, the use of terms of endearment, clandestine course of conduct, showing a desire for concealment, or that the parties were together under suspicious circumstances, not easily and reasonably accounted for, except on the theory of improper motive.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 411–441; Dec. Dig. § 129.*]

4. DIVORCE (§ 129*)—ADULTERY—INFERENCE OF GUILT.
   The rule that guilt of adultery cannot be inferred from circumstances equally capable of another interpretation means only that, if the circumstances are as consistent with the theory of innocence as with that of guilt, the inference of innocence must prevail, and does not mean that the act cannot be found on circumstances, unless they are such as to admit of no other possible conclusion.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 419, 420; Dec. Dig. § 129.*]

5. DIVORCE (§ 115*)—ADULTERY—SUBSEQUENT ACTS.
   In an action for divorce, evidence of acts and relations between defendant and the co-respondent, after the action was brought and approximately near to the time alleged, showing an improper intimacy, was admissible to prove illicit desire, from which it might reasonably be concluded that the parties committed the act complained of at the time alleged.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 371–374; Dec. Dig. § 115.*]

Action by Cyrus F. Axtell against Amelia E. Axtell for divorce. Decree for complainant.

Greenbaum & Rifkind, for plaintiff.
Benjamin Locker, for defendant.

DAYTON, J. Further reflection, aided by briefs of counsel, brings me to a conclusion different from that intimated at close of the trial. The record shows plaintiff always provided a suitable home for the defendant, and that on May 25, 1908, when his business required his absence from this city for a considerable period, he requested her to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

reside where they could more frequently be together. It was her duty to accept this suggestion. Her refusal to do so was unwarranted. He was necessarily recalled to this city about May 31st, and naturally went to his apartment. Finding it still furnished, but uninhabited, he made certain investigations, and discovered that his room contained an unknown man's clothing. This was rather late in the evening. He waited. About 11 o'clock the defendant returned, accompanied by the co-respondent. A violent scene occurred, and plaintiff left, after his wife had said that this co-respondent was her boarder, and should remain unless plaintiff would refund certain board paid by the co-respondent in advance. Defendant's account is that co-respondent had been taken as her boarder immediately upon her husband's departure on the 25th of May, and that this course was necessary, because plaintiff had abandoned her, leaving her ill and destitute. The adulterous acts are charged to have been committed within the early days of June, when co-respondent was living in defendant's apartment as her boarder, as she alleges. In view of defendant's affidavits on her motions for alimony, and of plaintiff's testimony in that regard, it is apparent that plaintiff furnished her with $25 a week (the major part of his income) and with a further amount of money during May, and had paid the rent of their apartment for that month. The day after plaintiff's departure from the city, May 25th, his wife wrote him a postal card at the address which he had given her, and a few days thereafter she wrote him a letter at the same address. From this evidence, her contention that she was deserted in destitute circumstances, and for that reason had taken the co-respondent as a boarder, is much weakened.

The living alone together of a man and a woman may be one of the elements of the adulterous relations charged; but this per se is not sufficient evidence of the illicit act. It furnishes evidence only of opportunity; whereas, it is necessary to show lascivious desire and an improper intimacy. Pollock v. Pollock, 71 N. Y. 146; Welke v. Welke, 63 Hun, 625, 17 N. Y. Supp. 298; Hart v. Hart, 2 Edw. Ch. 207. Adultery may be shown by circumstantial evidence. Allen v. Allen, 101 N. Y. 658, 5 N. E. 341; Pollock v. Pollock, 71 N. Y. 146; Krauss v. Krauss, 73 App. Div. 509, 77 N. Y. Supp. 203. The single fact that co-respondent boarded in the defendant's apartment might not be enough to justify a finding of adultery. The other circumstances which may justify an inference of the elements of improper intimacy and illicit desire may be shown by the relations of the parties, their conduct towards each other, what demand their relations might make for constant or frequent intercourse, evidence of words, gestures, the use of terms of endearment, clandestine course of conduct, showing a desire for concealment, or that the parties were together under suspicious circumstances, not to be easily and reasonably accounted for except upon the theory of improper motive. 71 N. Y. 145, supra. When defendant wrote to her husband, as above indicated, she did not mention that she had a boarder. Her husband had always opposed the taking of a boarder into their home. She met co-respondent, more than 12 years her junior, in February, 1908, although she had known him some years previously. Thereafter, during the month of Febru-

ary, she assisted in nursing co-respondent's sick wife, and during this period she and co-respondent became on informal terms in the early hours of the morning and the late hours of the night, in partial, though perhaps not indecorous, costume. Subsequently they were together on several occasions at public entertainments. She made visits with him to his former home in New Jersey for the purpose of assisting in disposing of furniture—his wife being ill. Between February and May defendant procured a room for co-respondent at about the time his wife was taken to a hospital. It is shown that he occupied the room for two weeks, where defendant visited him there alone nearly every evening, and remained from 7 until 11 o'clock in the parlor of that establishment. During this whole time defendant was presumably in conjugal relations with her husband, who was maintaining her in his household, and these happenings do not appear to have been known to him. It must not be forgotten that meanwhile the wife of the co-respondent was ill almost unto death, and upon her recovery was obliged to reside with her sister.

.There is no evidence that the co-respondent sought her out, nor attempted any arrangements for their living together. Per contra, as defendant moved from place to place, he continued as her only boarder. The evidence of Miss Streims as to the relations of defendant and co-respondent after this action was brought, but approximately near to time alleged, showing an improper intimacy, was admissible, and furnishes strong inferential proof of illicit desire, from which it may reasonably be concluded that, when the parties had the opportunity in June, the acts charged in the complaint were committed. Thayer v. Thayer, 101 Mass. 111, 100 Am. Dec. 110, and the other cases cited by plaintiff sustain the admissibility of this most important testimony. The authorities cited by defendant's counsel against the admissibility of this evidence go only to the extent of refusing to permit the introduction of a new cause of action by way of supplemental pleading, and for the purpose of obtaining substantive relief based upon the acts so proven, but do not hold that such subsequent acts may not be shown to establish lascivious desire as affecting the specific acts charged in the pleading. In other words, the authorities seem to hold that if the conduct of the parties, as alleged, justifies suspicion, subsequent acts not pleaded may be shown in confirmation. ·

Guilt cannot be inferred from circumstances which are equally capable of another interpretation. 71 N. Y. 137, supra. This, however, means that, if the circumstances are as consistent with the theory of innocence as with the theory of guilt, the inference of innocence must prevail. But it is not the rule that the act cannot be found upon circumstances, unless the circumstances admit of no other possible conclusion. It may be proved by facts and circumstances which clearly satisfy the mind of the triers, giving to such facts their plain and natural significance. Allen v. Allen, supra, and Roth v. Roth, 90 App. Div. 87, 85 N. Y. Supp. 640. The rule of evidence in divorce actions is admirably stated in Moller v. Moller, 115 N. Y. 468, 22 N. E. 170, by Earl, J.:

" * * * Courts must not be duped, and they must take such evidence as the nature of the case permits, circumstantial, direct, positive, and bringing

to bear upon it the experiences and observations of life, and thus weighing it with prudence and care give effect to its just·preponderance."

Applying this rule to the proofs here, I am convinced that plaintiff is entitled to a decree.

Judgment accordingly.