In anaction, inter alia, for divorce, the plaintiff wife appeals from a judgment of the Supreme Court, Nassáu County, entered April 26, 1979, which, after a nonjury trial, inter alia, dismissed the complaint. Judgment affirmed, without costs or disbursements (see Westervelt v Westervelt, 26 NY2d 865). Hopkins, J. P., Damiani and Cohalan, JJ., concur.
Lazer, J., dissents and votes to reverse the judgment, to grant the plaintiff a divorce, with the issues of alimony and counsel fees to be remanded to Special Term for a determination, and to dismiss the cause of action seeking to impress a constructive trust, with the following memorandum: The parties to this divorce action were married in 1971; the plaintiff wife is now 51 years of age and her husband is 58. After the two separated in 1973, the defendant moved into a one-family home in Valley Stream owned by the corespondent, Mildred Pohlman; he has resided there with her since that time. The trial testimony concerning the arrangement between the couple revealed that they share house expenses and utilize the same bathroom and kitchen, although Mrs. Pohlman declared that they have separate bedrooms. When Mrs. Pohlman was asked whether she ever had sexual relations with the defendant, the latter’s lawyer objected that the answer would be self incriminatory and the court sustained the objection although the witness did not personally invoke the Fifth Amendment privilege. Whatever the deficiency in this procedure, it was waived by plaintiff’s attorney who promptly announced—and thereby conceded—that Mrs. Pohlman’s failure to answer constituted an invocation of testimonial privilege. Although Mrs. Pohlman admitted that she and the defendant had a "social” relationship, further questions as to where defendant drove her when they went out together, where he took her to dinner, whether he ever took her to a motel, and whether the couple had marriage plans, were excluded by the court without invocation of privilege by the witness. Nevertheless, the record does show that the defendant and Mrs. Pohlman flew to Florida together and vacationed at her cousin’s house for several days, that he takes her out "socially” (they discussed "politics”), that they share expenses at the house, and that Mrs. Pohlman had never before rented a room in her home to anyone else nor has she done so since. Special Term dismissed the complaint (which contained other causes of action as well), declaring that "The finding *893 of adultery must be based upon clear and convincing evidence; it cannot be based upon mere suspicion.” No reference was made to the assertion of testimonial privilege. On this record, I have no difficulty in finding that there was both inclination and opportunity for adulterous conduct and, therefore, that it took place. Nor do I believe that Westervelt v Westervelt (26 NY2d 865) mandates a contrary result since, inter alia, the plaintiff in that case was not the beneficiary of the inferences which can result from the invocation of testimonial privilege in a civil case. It is now settled that assertion of such privilege creates a situation "akin to that arising when a party fails or refuses to produce a material witness who is within his control” (Marine Midland Bank v Russo Produce Co., 50 NY2d 31, 42). As a consequence of such a refusal to answer, "the strongest inferences may be drawn against him which the opposing evidence in the record permits” (Noce v Kaufman, 2 NY2d 347, 353). The requirement that opportunity for and inclination to adulterous conduct be proved is a rule of circumstantial evidence. For a plaintiff in such a case to be successful, the circumstances must preponderate toward a finding of adultery (Allen v Allen, 101 NY 658), but they need not lead irresistibly to the conclusion that adultery has been committed (see 11 Zett-Edmonds-Schwartz, NY Civ Prac, par 18.03 and cases cited there). Here, the proof establishes a social relationship between the defendant arid the corespondent that went far beyond the proffered landlord-tenant explanation concerning their joint residence. The defendant and Mrs. Pohlman, from neither of whom a denial of sexual relations could be drawn verbally—he, too, asserted privilege—admitted a relationship which included going out together socially, dining out together, vacationing together, living together and sharing house expenses as well as kitchen and toilet facilities. While in this day and age the fact that a female and male share living space is not per se proof of a sexual relationship, more than shared habitation exists here. When the strong inferences to be drawn from Mrs. Pohlman’s refusal to answer the key question are added to the existing proof, the denial of a divorce becomes an error.