ALICE B. BULLOCK, Respondent, *v.* THOMAS S. BULLOCK, Appellant.

*Bill of particulars — ordered after answer, though refused before — contract of marriage, how established — bill of particulars of the evidence, refused.*

The fact that a bill of particulars has been denied a defendant before answering does not bar an application by the defendant for a bill of particulars in order to enable him to prepare for the trial.

In an action brought to obtain an absolute divorce, where it is apparent that all that the defendant needs to allege in order to set up the defense which he desires to raise, consists in a denial of certain allegations contained in the complaint, a motion made before the service of the answer for a bill of particulars will be denied.

In an action brought by an alleged wife to obtain a divorce from her alleged husband, the defendant is entitled to know and to ascertain, through the medium of a bill of particulars, the time when and the place where the alleged marriage took place (if a ceremonial marriage is claimed), by whom it was celebrated, and, if a marriage is claimed to have taken place without any witnesses present, the time when and the place where such contract was entered into.

There is no such thing as an implied contract of marriage; the actual existence of such a contract must be established by precisely the same class of evidence by which other civil contracts are established.

It is the contract and not the cohabitation that makes the marriage. Cohabitation may or may not be corroborative evidence, depending upon its character or want of character. The court will not require a bill of particulars to be furnished which will contain the evidence to be offered on that subject in an action brought to obtain an absolute divorce.

APPEAL by the defendant, Thomas S. Bullock, from an order of the Supreme Court, made at New York Special Term and entered

in the office of the clerk of the county of New York on the 26th day of October, 1894, denying the defendant's motion for a bill of particulars.

*B. H. Bristow,* for the appellant.

*W. Moore,* for the respondent.

VAN BRUNT, P. J. :

This action was brought by the plaintiff to obtain an absolute divorce. The complaint contains an allegation of marriage at the city of New York, and also an allegation that the parties thereafter cohabited together as husband and wife. The defendant, before answering, moved for a bill of particulars showing specifically when, where and by whom such pretended marriage was solemnized, or if she claims that such marriage took place without a marriage ceremony, what particular facts, acts or doings the plaintiff relies upon as establishing such marriage; when and at what particular place such facts, acts and doings happened, and when, where and under what circumstances, and in what building or place she claims that she and defendant cohabited as husband and wife; what was plaintiff's maiden name, by what name she was known at and immediately preceding and since the time of said alleged marriage to defendant, and whether or not she had been previously married, and, if so, to whom. The defendant alleged that he could not properly prepare his defense herein or safely go to trial without the plaintiff furnishing a bill of particulars upon the points above mentioned. The learned court denied the motion upon the ground that it did not appear that the bill of particulars was necessary in order to enable the defendant to make and serve his answer, and we see no reason to interfere with this conclusion. It is apparent that all that the defendant needs to set up to raise the issue of marriage is a denial of the allegations contained in the complaint in respect thereto.

But it by no means follows because a motion for a bill of particulars is denied before answer, that the defendant may not be entitled to such bill of particulars in order to prepare for the trial. He may be entitled to know the time when and the place where this marriage took place, if a ceremonial marriage is claimed, by whom it was celebrated, and if a marriage without any witnesses present

except the alleged marriage bed, the time when and the place where such contract was entered into.

It does not seem, however, that the defendant would be entitled to a bill of particulars of the alleged cohabitation, because no amount of cohabitation can make a marriage. Under certain circumstances, although no direct proof of the marriage can be given, from cohabitation an inference may be drawn that at some previous time a contract of marriage had been entered into between the parties. But the weight of such evidence, even in such a case, depends very largely upon its character or want of character. It is a maxim as old as the common law, that *consensus non concubitus facit matrimonium*. It is the contract and not the cohabitation which makes the marriage. The books are full of cases holding that, in order to establish a marriage, it must be proved that such a contract was entered into *per verba de presenti*, and that cohabitation can never make a marriage. In other words, that there is no such thing as an implied contract of marriage. The actual existence of the contract must be established by precisely the same class of evidence by which other civil contracts are established. In the case at bar cohabitation may or may not be corroborative evidence, depending, as has already been stated, upon its character or want of character, and the evidence of the plaintiff cannot be required to be furnished by a bill of particulars.

We think, therefore, that the order should be affirmed, but in order that there may be no question as to the power of the court after issue joined to make an order for a bill of particulars, leave should be given to renew such motion after issue.

The order should be affirmed, with ten dollars costs and disbursements.

O'BRIEN and FOLLETT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, but with leave to renew after issue joined.