## KETCHAM v. KETCHAM.

(Supreme Court, Appellate Division, Second Department. June 28, 1898.)

DIVORCE—BILL OF PARTICULARS.

    If, in an action for a separation, the defendant alleges as a counterclaim a particular act of adultery between the plaintiff and a designated person, at a specified time and place, and also alleges that "at various other times, at certain other places to the defendant unknown," the plaintiff committed adultery with the same person, and, upon plaintiff's motion for a bill of particulars as to the latter allegation, the defendant alleges ignorance of the particular times and places, the motion should not be granted in such form as to exclude evidence of general confessions or general course of conduct.

Appeal from special term, Kings county.

Action by Emma A. Ketcham against Warren A. Ketcham for divorce. From an order directing the defendant to furnish a bill of particulars, he appeals. Reversed.

962      52 NEW YORK SUPPLEMENT     (Sup. Ct.

and 86 New York State Reporter.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry M. Dater, for appellant.

John T. Canavan, for respondent.

CULLEN, J. The plaintiff brought this action for a separation on the ground of cruel and inhuman treatment. The defendant answered denying the charges against him in the complaint, and as a counterclaim alleged the adultery of the plaintiff, and asked for a dissolution of the marriage on that account. The plaintiff's adultery is charged in the answer as follows:

"(3) That on or about the 27th day of December, 1897, at No. 690 Prospect Place, in the borough, then city, of Brooklyn, in the county of Kings, the plaintiff committed adultery with one Ernest W. Fleet, and that at various other times, in the years 1897 and 1898, the plaintiff committed adultery with said Ernest W. Fleet, at certain other places in said city and borough to the defendant unknown."

The plaintiff moved for a bill of particulars of the times and places when and where it was claimed that she committed adultery in the years 1897 and 1898. In opposition to the application the defendant submitted an affidavit to the effect that he was ignorant of the particular times and places of the alleged adultery; that his knowledge thereof consisted of admissions in the affidavits of the plaintiff and her alleged paramour, filed on an application made in this action for alimony and counsel fee, and in certain affidavits filed on his behalf in response to such application; that he did not expect to prove any specific instance of misconduct against the plaintiff except the one mentioned in the answer, but intended to prove intimacy and conduct on the part of the parties, and admissions and statements, which, while they would not indicate the time and place of the commission of the offense, would establish that the plaintiff had been guilty of it. The special term made an order granting the plaintiff's application, and from that order this appeal is taken.

We think the disposition of the application at special term was erroneous. It is doubtless true that in all cases where the interests of justice require it the court may direct either party to furnish a bill of particulars (Tilton v. Beecher, 59 N. Y. 176); and generally, in actions for divorce, the interests of justice do require a bill of particulars, but to this rule there are exceptions. That the allegations of the answer, though general, were sufficient to authorize a decree of divorce upon proper proof of their truth, has been expressly held. Mitchell v. Mitchell, 61 N. Y. 398. Therefore the only question is whether the defendant showed sufficient grounds for relief from the general rule, which requires that a party shall furnish the details of the offense he charges. In the first place, he denied under oath any knowledge of the particulars which the order of the special term required him to give, and this denial is not in any way impeached. He states expressly that he does not intend to prove any specific act except the one mentioned definitely in the answer. The defendant's reliance is on the conduct and admission of the parties. Evidence of that character may be sufficient to warrant a jury in finding

that the plaintiff has committed the offense charged, although it would wholly fail to locate with definiteness the time and place of its occurrence. The defendant should not be deprived of the benefit and effect of such testimony if it is within his power to produce it. The object of a bill of particulars is to prevent surprise to the parties. If the defendant on the trial should offer any evidence tending to show the commission of a particular act of adultery other than that specified in his complaint, it would, after his affidavit, be properly excluded. If there is any question on this point, the order of the special term might properly have precluded him from giving evidence of such a character. Evidence of the conduct, relations, and admissions of the parties, to be effectual and sufficient to authorize the finding of a jury that the plaintiff had committed adultery, would necessarily have to show such a continuous method of life and course of conduct that the plaintiff would be easily able to rebut it, if untrue. In Tilton v. Beecher, supra, it was said: "It would be absurd to suppose that any tribunal, of ordinary intelligence, would order a bill of particulars in such form as to exclude evidence of general confessions." What is true of general confessions seems to us equally true of general course of conduct. In this case it seems to us that the defendant has made his charges as definitely as he can (assuming, of course, the truth of his affidavit), and that the plaintiff will not be subject to surprise on the trial, if the trial is properly conducted. The order appealed from should be reversed.

Order reversed, and motion denied, without costs. All concur.