(27 Misc. Rep. 10.)

EVANS v. EVANS.

(Supreme Court, Special Term, Kings County. March, 1899.)

DIVORCE—DEFAULT—PRACTICE.
  Rule 72 of the general rules of practice, providing that "unless it be averred in the complaint," in action for divorce, (1) that the adultery was committed without the consent, etc., of plaintiff, (2) that five years have not elapsed since plaintiff discovered the adultery, (3) or, where defendant is living in adulterous intercourse, that five years have not elapsed since plaintiff discovered such intercourse, (4) that the plaintiff has not cohabited with defendant since such discovery, and that "the complaint containing such averments be verified by the oath of plaintiff," judgment shall not be rendered for plaintiff "until the plaintiff's affidavit be produced stating the above facts," is made for cases of default only, and authorizes and requires such facts to be shown only by such complaint or affidavit, and not by parol.

Action by Mary E. Evans against William C. Evans for absolute divorce. Plaintiff applies for judgment on default. Granted.

F. H. Renman, for plaintiff.

GAYNOR, J. The time of the court is so much wasted on the hearing of these defaults in actions for absolute divorce, by the unnecessary introduction of evidence on certain points, that something needs to be said about the practice. Rule 72 of the general rules of practice provides that "unless it be averred in the complaint" (1) that the adultery was committed without the consent, connivance, privity or procurement of the plaintiff, (2) that five years have not elapsed since the plaintiff discovered the adultery, (3) or where the defendant is living in adulterous intercourse that five years have not elapsed since the plaintiff discovered such intercourse, (4) that the plaintiff has not voluntarily cohabited with the defendant since such discovery; and "the complaint containing such averments be verified by the oath of plaintiff," the judgment shall not be rendered for the plaintiff "until the plaintiff's affidavit be produced stating the above facts." Thus, under the rule, if these things be not alleged in a verified complaint, the way to do is to present an affidavit of them. In some way, however, it has come about that attorneys persist in introducing oral testimony of them; and that even though the verified complaint alleges them. Some attorneys even insist on asking the formal question whether five years have elapsed since the plaintiff discovered the adultery, when the allegation and the proof are that it was committed on a named date within the five years, or even within a few weeks or months. There seems to be a general notion that the things mentioned in rule 72 are for the plaintiff to allege and prove as part of the cause of action, whereas they are no part of the cause of action, but defenses to be pleaded by the defendant. Rule 72 was made for cases of default only; and it is in effect that in anticipation of a default the plaintiff may aver the said things in a verified complaint, in lieu of presenting a separate affidavit of their truth. There is no rule for oral proof of them, and if the bar would conform to the rule it would be appreciated by the court, for the profession is a learned one.

Judgment for the plaintiff.