## CARRIE v. DAVIS.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

BILL OF PARTICULARS.

Where plaintiff in an action to annul a contract of marriage states generally the facts within his knowledge leading him to believe that defendant was at the time of her marriage to plaintiff the wife of A., but expressly states that he has no knowledge or information as to the time, place, circumstances, or witnesses of the marriage between defendant and A., or as to whether the marriage relation between them was instituted by a ceremonial or common-law marriage, a bill of particulars should not be required of him as to the marriage.

Appeal from special term, New York county.

Action by Julio Carrie against Adele Davis. From an order requiring plaintiff to furnish a bill of particulars, he appeals. Reversed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRA-HAM, JJ.

Charles M. Demond, for appellant.
Richard Reid Rogers, for respondent.

RUMSEY, J. The action was brought for a judgment to annul a contract of marriage purporting to have been made between the parties to it on the 6th of July, 1882. It is alleged that at the time of the marriage both parties were residents of the city of New York, and that, for the purpose of inducing the plaintiff to consent to the marriage, the defendant fraudulently and falsely represented to him that she had obtained a divorce from one Miguel Aleo, to whom she had before that time been married, and that the marriage was contracted on the faith of those representations. The complaint further states that in fact the defendant had no divorce from Aleo, but that at the time of her marriage to the plaintiff she was in fact Aleo's wife. The complaint contains other allegations not necessary to consider. The defendant admits her marriage with the plaintiff, and that she never obtained a divorce from Aleo, and denies all the other allegations stated above. Upon her motion, the court required the plaintiff to give a bill of particulars, stating the time when and the place where the alleged marriage contract between the defendant and Aleo was entered into, if the marriage was a ceremonial one, and the times when and the places where the defendant is alleged to have ever lived with Aleo as his wife, or to have been known or recognized as his wife, if the marriage was a nonceremonial one. From this order the appeal is taken.

The defendant denies that she was ever married to Aleo, ever lived with him as his wife, or was ever known as his wife; and she expresses her ignorance of the evidence by which the plaintiff expects to prove any of the allegations of the complaint touching her marriage with Aleo, and insists that it is impossible for her to prepare her defense without knowing whether the plaintiff claims that the alleged marriage was a ceremonial one, or was, as she says, a "common-law marriage,"—by which, although no such term is known to the law, it is supposed she intends to describe a marriage which was not solemnized, but which she erroneously thinks can be proved by the mere cohabitation of the parties. In his affidavit the plaintiff states generally the facts within his knowledge which lead him to believe that the defendant had been the wife of Aleo; but he says expressly that he has no knowledge or information as to the time, place, circumstances, or witnesses of the marriage between the defendant and Aleo, or as to whether the marriage relation between them was instituted by a ceremonial or common-law marriage. There is nothing to discredit this portion of the plaintiff's affidavit. It is apparent that he can give no information to the defendant as to a ceremonial marriage, and it was error to require him to do so, because a party can never be required, in a bill of particulars, to advise the other party upon a subject as to which he testifies that he has neither knowledge nor means of information. We think, too, that it was error to require the plain-

tiff to give the information as to what proof he relied upon to establish the fact of a nonceremonial marriage. Such a marriage can be shown by a course of conduct from which a previous contract can be inferred between the parties; and, where a bill of particulars is required of the manner in which a fact is to be proved, it amounts to requiring a statement of the evidence upon which the party relies to prove his case. A bill of particulars of a general course of conduct indicating a relation between the parties will never be required. Ketcham v. Ketcham, 32 App. Div. 26, 52 N. Y. Supp. 961. The case of Bullock v. Bullock, 85 Hun, 373, 32 N. Y. Supp. 1009, is not in point. A bill of particulars in that case had been denied, and the order denying it was affirmed by the general term. What was said as to the propriety of granting a bill of particulars at other times and under other circumstances than those which were made to appear when the motion was denied was not necessary to the decision of the case. Even if it had been, the authority is not one in favor of the defendant but the contrary; for the opinion of the court expressly says that the defendant would not be entitled to a bill of particulars of cohabitation which was relied upon to prove a marriage. The case of Govin v. De Miranda, 87 Hun, 227, 33 N. Y. Supp. 753, was an action for admeasurement of dower, in which the plaintiff claimed to have been married to the ancestor of the defendants, and to be entitled to dower as his widow. It appeared that the defendants had no information in regard to the marriage, and the court very properly held that they were entitled to a bill of particulars which would enable them to meet the plaintiff's testimony. But that is not this case. To require the plaintiff to furnish such a bill of particulars as was there directed would compel him to give to the defendant all the evidence now in his possession tending to show that she and Aleo were man and wife, and would practically forbid his using any testimony which might otherwise come to his knowledge in his preparation for trial. Such an order would be manifestly unjust.

For these reasons the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

HARNEY v. PROVIDENT SAV. LIFE ASSUR. SOC. OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. June 13, 1899.)

PLEADING—AMENDMENTS FOR DELAY—MOTION TO STRIKE.

     Under Code Civ. Proc. § 542, allowing the amendment of pleading, but providing that the amendment may be stricken out if it is shown to be filed for delay, and the adverse party will thereby lose the term for which the cause is noticed for trial, it is error to strike an amended answer because it will prevent a trial at the term for which it was noticed, where defendant, in answer to plaintiff's motion, offers to try at such term.

     Bartlett, J., dissenting.

Appeal from special term.