(73 App. Div. 509.)

KRAUSS v. KRAUSS.

(Supreme Court, Appellate Division, First Department.  June 20, 1902.)

1. DIVORCE—BILL OF PARTICULARS OF ADULTERY.

Adultery as a cause of action for divorce may be established by facts and circumstances showing inclination, opportunities, and intimacy of relations, from which the inference of guilt may be drawn, without proof of its commission at any specified time or place; and, where such evidence is relied on, the court is not warranted in confining plaintiff's evidence by a bill of particulars specifying precise times.

2. SAME.

Where the co-respondent is named and the places of the commission of adultery are specified in a complaint for divorce, and plaintiff is unable to specify times with more particularity, a bill of particulars should not be required, regardless of the fact that she expects to prove her case by circumstantial evidence.

Appeal from special term, New York county.

Action for divorce by Julia Krauss against Otto Krauss. From an order of the special term granting defendant's motion for a bill of particulars, plaintiff appeals.  Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

William P. Maloney, for appellant.
M. W. Bechnold, for respondent.

LAUGHLIN, J.  The order requires the plaintiff to furnish a bill of particulars of the times at which the alleged acts of adultery were committed.  The complaint names a co-respondent, and charges that all of the acts of adultery were committed with her; and it specifies the places with definiteness.  On the question of time, it is alleged that the adultery was committed at No. 401 West 149th street in the city of New York, "on various and numerous occasions in the month of December, 1900, and from January 1, 1901, until about the middle of September, 1901"; at Nos. 353 and 355 West 118th street "repeatedly * * * from about the middle of September, 1901, down to about the 1st of December, 1901"; and at No. 106 West 137th street from the 1st to the 20th day of March, 1902.  The answer puts in issue the allegations of adultery, and the defendant, in his affidavit, denies guilt, but he does not deny knowing the co-respondent, or having visited her at the times and places specified in the complaint; nor is her affidavit presented.  The plaintiff presented an affidavit in opposition to the motion, showing that she is unable to give the exact dates of the different acts of adultery, and that she intends to establish her cause of action by circumstantial evidence showing a course of conduct between the defendant and the co-respondent from which the inference of their criminal intimacy may be drawn.

A cause of action for divorce may be established by facts and circumstances showing inclination, opportunities, and intimacy of relations, from which the inference may fairly be drawn that the parties have committed adultery, without proof of the commission of the act at any specific time or place: and in such case the court is not warranted in

confining the plaintiff's evidence by a bill of particulars specifying times with precision. Mitchell v. Mitchell, 61 N. Y. 398; Ketcham v. Ketcham, 32 App. Div. 26, 52 N. Y. Supp. 961. Furthermore, the co-respondent having been named, and the places having been specified, we think, in view of the plaintiff's inability to specify the times with more particularity, that the bill of particulars should have been denied, regardless of the fact that she expects to prove her cause of action by a chain of circumstances and course of conduct indicating guilt, without proof of specific acts of adultery. Ketcham v. Ketcham, supra. See, also, Carrie v. Davis, 41 App. Div. 520, 58 N. Y. Supp. 820.

The order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.