EARLE v. EARLE.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. SEPARATION—PLEADING—SUFFICIENCY.

Under Code Civ. Proc. § 1764, providing that the complaint in an action for separation must specify particularly the nature and circumstances of defendant's misconduct, and set forth the time and place of each act complained of, with reasonable certainty, an answer, asking that a separation be decreed in defendant's favor on the ground of cruel and inhuman treatment, which set out many particulars of the cruel and inhuman treatment on which she relied to establish her cause of action, was sufficient.

2. SAME—BILL OF PARTICULARS.

A bill of particulars will not be ordered in an action for separation on the ground of cruel and inhuman treatment where many of the averments relate to the general course of conduct.

Appeal from special term, Westchester county.

Action for separation by Charles Earle against Helen Hicks Earle. From an order denying plaintiff's motion for a bill of particulars of the defense and counterclaim set up in the answer, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Carlisle Norwood, for appellant.
Henry Crofut White, for respondent.

WILLARD BARTLETT, J. This is a matrimonial action for a separation on the ground of abandonment. The wife answered, de-

nying the alleged abandonment, but asking that a separation be decreed in her favor on the ground of cruel and inhuman treatment by her husband. The answer, which is to this extent to be treated as a complaint, sets out many particulars of the cruel and inhuman treatment upon which the wife relies to establish her cause of action, and, we think, sufficiently complies with the requirements of section 1764 of the Code of Civil Procedure, which prescribes that the complaint in an action for separation must specify particularly the nature and circumstances of the defendant's misconduct, and must set forth the time and place of each act complained of, with reasonable certainty. Many of the averments relate to a general course of conduct on the part of the husband, as to which the rule is that a bill of particulars will not be ordered in this class of actions. Ketcham v. Ketcham, 32 App. Div. 26, 52 N. Y. Supp. 961; Carrie v. Davis, 41 App. Div. 520, 58 N. Y. Supp. 820. Considering the answer as a whole, we are of opinion that it sufficiently apprises the husband of the case which he will be called upon to meet, and that the court below properly denied the application for a bill of particulars. If it shall appear upon the trial at special term that the plaintiff is surprised by the introduction of any evidence not sufficiently foreshadowed by the answer, it will be the duty of the trial judge, by granting a suitable adjournment, to afford the plaintiff ample opportunity to meet such proof.

Order affirmed, with $10 costs and disbursements. All concur.