## BUSH v. BUSH.

(Supreme Court, Appellate Division, First Department. April 20, 1905.)

1. DIVORCE—PROCEEDINGS—QUESTIONS FOR JURY—FRAMED ISSUES.

In an action for divorce on the ground of adultery, the complaint alleged that defendant had committed the offense with the same co-respondent at divers times between the 1st of January and the 7th of November, 1904, at divers places in the city of New York and elsewhere. Defendant failed to move to have the complaint made more definite or certain, or for a bill of particulars. The court framed an issue for the jury in the language of the complaint. *Held*, that defendant was entitled to have the issues framed with sufficient definiteness to avoid surprise on the trial, and enable him to prepare his defense, and consequently the words "and elsewhere" should be stricken from the issue, but, in view of his failure to take the steps specified, or to present an affidavit showing the necessity for having the issue so framed as to specifically designate by streets and numbers the precise places of the commission of the offense, the remainder of the issue would be permitted to stand as framed.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 346, 484–487.]

2. SAME.

In a suit for divorce on the ground of adultery, the questions of consent, limitations, and condonement are to be tried by the court after the rendition of the verdict upon the issue of adultery, and should not be submitted to the jury with that issue.

Appeal from Special Term, New York County.

Action for divorce by Marion Bush against Pine E. Bush. From a portion of an order framing issues to be tried by a jury, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward Hymes, for appellant.
I. N. Jacobson, for respondent.

LAUGHLIN, J. After framing an issue concerning the commission of adultery at a particular, specified time and place, the court, following the language of another allegation of the complaint, framed an issue as to whether the defendant committed adultery with the same co-respondent "at divers times between the 1st day of January, 1904, and the date of the commencement of this action, at divers places in the city of New York and elsewhere." The appeal involves the propriety of framing this issue. The action was

commenced on the 7th day of November, 1904. It thus appears that the inquiry covered a period of more than 10 months. The issue framed is altogether too general and indefinite as to place. It is manifest that it would be impossible for the defendant to prepare for the trial of the issue. Witnesses might be summoned to show the commission of the act of infidelity in any foreign state or country. The defendant doubtless could, upon motion, have had the complaint made more definite in this regard. Cardwell v. Cardwell, 12 Hun, 92. And he would at least have been entitled to a bill of particulars of the precise places, and also of the times, unless the plaintiff be relying upon circumstantial evidence showing a general course of conduct from which the inference of criminal intimacy may be drawn. Krauss v. Krauss, 73 App. Div. 509, 77 N. Y. Supp. 203. The defendant, however, notwithstanding his failure to move to have the complaint made more definite or certain, or for a bill of particulars, is entitled to have the issues framed with such a degree of definiteness as will avoid surprise on the trial and enable him to prepare his defense. Carrillo v. Carrillo (Sup.) 6 N. Y. Supp. 305. These views require the elimination of the words "and elsewhere." Since, however, the co-respondent is named, and there was no motion for a bill of particulars of the places in the city of New York where the plaintiff claims the adultery was committed, it is likely that the defendant will be prepared to meet any evidence offered tending to show misconduct in the city where the trial is to take place. If not, he should have presented an affidavit showing the necessity for having the issue so framed as to specifically designate the precise places by streets and numbers.

The order also frames as issues to be tried by the jury the questions as to whether the adultery was committed without the consent, connivance, or procurement of the plaintiff, whether five years elapsed since the plaintiff discovered the facts, and whether she has voluntarily cohabited with the defendant since such discovery. These are issues to be tried by the court, if necessary, after the rendition of the verdict upon the issue of adultery. We disapprove of the practice of submitting these issues to a jury, since there is no authority therefor.

It follows, therefore, that the order should be modified by striking out the words "and elsewhere," in the second issue as framed, and by striking out the third, fourth, and fifth issues, and, as thus modified, affirmed, with $10 costs and disbursements. All concur.