KING v. KING.

(Supreme Court, Equity Term, Erie County. November, 1915.)

1. DIVORCE ☞146—QUESTION FOR JURY—CONDONATION.

The submission to a jury of any issue in a divorce action on the statutory ground of any other issue than adultery is improper, and such other issues, if necessary after the verdict upon the issue of adultery, should be tried by the court; and hence, where defendant, in an action for absolute divorce in the court at an equity term on the statutory ground, denied the offense and interposed the affirmative defenses of procurement, connivance, express forgiveness, and voluntary cohabitation, and, on plaintiff's motion, all the issues in the action were directed to be tried by a jury, and she contested each issue and fully presented her defense, and the issues were all found against her, she was not entitled as a matter of right to present to the court any further proof in the case, or to contend that the verdict was merely advisory, where the court desired to adopt it.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 164, 471–473, 477, 488–492; Dec. Dig. ☞146.]

2. DIVORCE ☞146—VERDICT—OPENING CASE FOR FURTHER PROOF—CUMULATIVE EVIDENCE.

In such case, even if the ends of justice demanded that it be opened for further proof, the court would consider whether the suggested additional testimony was merely cumulative.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 164, 471–473, 477, 488–492; Dec. Dig. ☞146.]

3. DIVORCE ☞144—ACTION—EQUITY—ISSUES FOR JURY.

Notwithstanding the trial by jury of the issues in an action for absolute divorce brought in the Equity Term of court, the case was never out of, and still remained in, the Equity Term.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 484–487; Dec. Dig. ☞144.]

Action for divorce by James E. King against Rose A. King. Interlocutory judgment for plaintiff.

See, also, 91 Misc. Rep. 254, 154 N. Y. Supp. 794.

Godfrey M. Frohe, of Buffalo, for plaintiff.
Hammond & Hinkley, of Buffalo, for defendant.

MARCUS, J. This action was brought by the plaintiff against the defendant for an absolute divorce upon the statutory ground. The defendant denied the offense and interposed four affirmative defenses, namely, procurement, connivance, express forgiveness, and voluntary cohabitation.

Within 20 days after issue was joined, the defendant made a motion at Special Term "for a rule or order directing the trial of all issues herein by a jury." The motion was granted, and an order was there-

upon made and entered directing that the trial of all the issues in the action be had by a jury. The issues to be tried were stated in the order in the form of five questions, as follows:

(1) Did the defendant on the 30th day of May, 1914, commit adultery with one Lester M. Sevin, alias Monroe?

(2) In the event that the answer to question No. 1 is, "Yes," then did plaintiff voluntarily cohabit with the defendant after the commission of such act of adultery and the discovery thereof by plaintiff?

(3) In the event that the answer to question No. 1 is, "Yes," and after the commission of such act of adultery and the discovery thereof by plaintiff, was such offense forgiven by plaintiff?

(4) In the event that the answer to question No. 1 is, "Yes," then was the offense committed by the procurement of the plaintiff?

(5) In the event that the answer to question No. 1 is, "Yes," then was such offense committed with the connivance of the plaintiff?

Certain material allegations of the plaintiff's complaint were admitted in the defendant's answer, and these admitted allegations, together with the issues embodied in the specific questions ordered tried by the jury, embraced all the issues, or the whole issue, in the action.

On June 14, 1915, the specific questions of fact ordered tried by the jury were brought on for trial before a justice of this court and a jury, at a jury Trial Term upon notice of trial served by the parties, and continued throughout a week, every issue tendered by the specific questions being fully contested by the parties, and on the 21st day of June, 1915, the jury brought in a sealed verdict answering all the specific questions in favor of the plaintiff. Upon the coming in of the verdict, the defendant made a motion, on the minutes of the court, to have the verdict of the jury set aside and for a new trial. The motion was made upon the usual grounds, on the exceptions taken by the defendant at the trial, and on the ground that the verdict and findings, and each of them, were contrary to the evidence and against the weight of evidence, and contrary to law. The motion was held for argument, was argued by the attorneys for the parties, and in the following August an order was entered denying the motion in all respects. Subsequently, the plaintiff moved at Special Term for motions for an order adopting the verdict of the jury, and for interlocutory judgment, upon the decision to be filed after the adoption of the verdict. Upon that motion the defendant appeared specially, and objected to the granting of the motion on the ground that it was prematurely made, and that the case should go to the Special Term for the trial of causes (Equity Term Calendar). In the decision of that motion by Mr. Justice Brown, it was determined that all the issues had not been conclusively determined, that is, the issues as to the plaintiff's consent, condonation, privity, and procurement, had not been conclusively determined, since the sending of those issues to the jury was the exercise of a discretion, and it was not a right to which the defendant was entitled; that the verdict of the jury upon those questions was advisory only and not conclusive, inasmuch as the court that makes the conclusive determination upon those questions might adopt or reject a jury's findings; and that the matter should be sent to Special Term for the trial of issues.

The present status of the case is:

1. A motion at Special Term by defendant for an increase of temporary alimony during the pendency of this action from $15 to $25 per week, and an allowance of counsel fee to enable the defendant to further defend this action.

2. Motion at Special Term by plaintiff or relief to renew motion heretofore made and denied for interlocutory judgment herein on the answers given by the jury to questions submitted to it, and for the adoption by that court of all and every part of said verdict; denying the further payment of any alimony to defendant by plaintiff; and providing for the entry of final judgment, costs, etc.

3. The moving of the case regularly for trial in Equity Term by both parties.

The plaintiff's counsel contends that there is nothing for the court to do but grant the motion for interlocutory judgment, thereby adopting the verdict of the jury on all questions submitted to it; defendant's attorney contending that only the issue of adultery was determined by the jury, and that defendant is now entitled to a trial in equity, upon all questions, except the one of adultery.

Very earnest and carefully prepared arguments were submitted to the court upon the question whether this motion was properly made at Special Term for motions, or at Special Term for trials without jury. Because of the absence of an associate, it became necessary to have the justice regularly assigned to Special Term for motions also preside at the same time and in the same courtroom in Special Term for trial of causes without jury. After carefully listening to the arguments, the justice presiding turned his chair to the right in a complete circle and announced that he was presiding in Special Term for motions, and immediately turned his chair to the left in a complete circle, and announced that he was presiding in Special Term for trials without jury. The rapid transformation of the court aroused a sufficient quantity of good humor on the part of counsel, so that the question as to the proper court was withdrawn, and a consent entered that the question might be disposed of on the merits in either division of the rapidly changing court, and with some relief to the justice presiding, who thus was saved some hours for more important business than the determination of a question of procedure that so often wastes time and serves a purpose not at all commensurate with the energy expended, where the matter to be determined could only be whether a question should be decided by the same individual sitting in one room instead of another.

It is urged on the part of the plaintiff that, inasmuch as the verdict of the jury was rendered upon the whole issue, an application for judgment may be made to the court as upon a motion at Special Term, and, if the court adopts the verdict, judgment may be rendered upon a decision by the court, as though the trial had been had before the court without a jury, and that the real test as to the place and manner of application for the judgment in the action now before the court is whether the specific questions determined by the jury, taken in connection with the facts admitted, embraced the whole issue.

It is urged on the part of the defendant that the issue of adultery

only has been finally passed upon by the jury; the remaining issues of connivance, procurement, privity, and condonation have not been finally determined by the jury, but that its findings upon these issues were only advisory at the most, and that the defendant is now entitled to a trial of all of these issues at an Equity Term as a matter of right.

[1] The practice of submitting any issue other than that of adultery to a jury in an action of this character has been disapproved by the courts of this state, and that because of the fact that the issues other than adultery, if necessary, after the rendition of the verdict upon that issue, should be tried by the court. Bush v. Bush, 103 App. Div. 588, 93 N. Y. Supp. 159; Wood v. Platt, 57 Misc. Rep. 140, 108 N. Y. Supp. 948; Wilcox v. Wilcox, 116 App. Div. 424, 101 N. Y. Supp. 828.

It is urged by the defendant that since the only issue herein, definitely and finally determined by the jury, was that of adultery, a further hearing upon the other issues goes to the defendant as a matter of right, and that while the evidence taken at the jury trial is competent evidence, if the equity court desires to so receive it, the defendant nevertheless is not thereby deprived of a trial of the affirmative issues raised by her answer, and from presenting the same or further evidence before an equity court.

It should be remembered that, since the motion for a trial by a jury was made by this defendant, she selected her tribunal for the trial of all the issues, and had a protracted hearing, and a full and fair trial of the issues. I am satisfied that the defendant is not entitled as a matter of right to present to the court any further proof in this case. She was heard in the court selected and chosen by her, and fully presented her defense on such trial, and, having been heard in the manner selected by her, she must now be content to abide by the result, and cannot at this time be heard to say that the issues determined by a jury, framed by herself, are of no force or effect, if the court desires to adopt them, and that the presentation of those issues before a court and jury was a merely idle and useless process.

[2] If the ends of justice demanded that the case should be opened for further proof, another question would be presented to this court; but the additional testimony which has been suggested by counsel appeals to me as being merely cumulative, and I am impressed with the utter insignificance of what additional testimony has been urged, when the jury was not moved by the defendant's weightier evidence upon the same subject.

[3] Notwithstanding the trial by jury of the issues herein, at no time has this case been out of the equity court—the sending of the issues to a jury still leaves the trial at Special Term. The record there made is now before the court, and the findings now independently made by the court are identical with those found by the jury.

An order may therefore be entered and the usual decision containing findings of fact and conclusions of law for interlocutory judgment of divorce in favor of plaintiff.