CLARENCE E. OLMSTED, Appellant, *v.* MAY OLMSTED, Respondent.

First Department, October 31, 1924.

Husband and wife — divorce — answer was interposed denying adultery but not setting up affirmative defense — issue of adultery was submitted ⸱ o jury and found against defendant — plaintiff was entitled to interlocutory judgment on verdict after denial of motion for new trial — not necessary for plaintiff to negative defenses set out in Civil Practice Act, § 1153 — under Rules of Civil Practice, rule 277, plaintiff must, on defendant's default, give proof required by Civil Practice Act, § 1150 — when adultery not put in issue or where defendant defaults, plaintiff must prove material allegations and no prior divorce but need not negative by testimony defenses set out under Civil Practice Act, § 1153.

The plaintiff in an action for ivorce is entitled to an interlocutory judgment on the verdict of a jury after the defendant's motion for a new trial is denied, where an answer is interposed raising the issue of adultery but not setting up any affirmative defense, and the issue of adultery is submitted to the jury after a trial and found against the defendant; the plaintiff is not required to negative the defenses ⸱et out in section 1153 of the Civil Practice Act before he can secure an interlocutory judgment.

*It seems*, that under rule 277 of the Rules of Civil Practice, if the defendant makes default, the plaintiff must, in addition to giving the proof required by section 1150 of the Civil Practice Act, have either (1) proceeded by a complaint verified by his oath, which negatives the defenses enumerated in section 1153, or (2) produce an affidavit on the point. He is not required to give any evidence or to supplement the verified pleading or affidavit by proof.

*It seems*, that under section 1150 of the Civil Practice Act, if the defendant does not appear and plead, or if by his pleading, he fails to deny the allegation of adultery, the plaintiff must prove all the material allegations in the complaint, and he must also prove that there is no prior divorce, but it is unnecessary for him to negative, by his testimony, any of the defenses enumerated in section 1153 of the Civil Practice Act.

APPEAL by the plaintiff, Clarence E. Olmsted, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of July, 1924, denying his motion for an interlocutory judgment in an action for divorce.

*Otho S. Bowling*, for the appellant.

*L. E. Schlechter*, for the respondent.

DOWLING, J.:

The action is for divorce. The answer does not deny the marriage, the residence of both parties in this State, and that there is no issue. It denies the other allegations and sets up no affirmative defense.

On plaintiff's motion the issue of adultery was framed for trial by jury. The issue was tried, and the jury brought in a verdict

finding defendant guilty of adultery. A motion for a new trial on the minutes of the trial justice was made and denied. Thereupon plaintiff moved at Special Term, Part III, for interlocutory judgment. From the order denying that motion this appeal is taken.

The question involved in this appeal is one of practice, and is whether in a contested divorce action, where an answer has been interposed containing denials but no affirmative defense, the plaintiff is entitled, upon the verdict in his favor on framed issues and the denial of a motion for a new trial, to an interlocutory judgment of divorce based on the finding of the jury, or whether he is obliged to proceed at Special Term after such trial and make proof of the other formal allegations of the complaint such as absence of collusion and of condonation, that five years have not elapsed since the adulterous intercourse was discovered by plaintiff, that no voluntary cohabitation has occurred since that time, and that there is no judgment or decree of divorce in favor of defendant against plaintiff.

Section 1150 of the Civil Practice Act provides that " If the answer in an action for divorce does not put in issue the allegation of adultery, or if the defendant makes default in appearing or pleading, the plaintiff before he is entitled to judgment must nevertheless satisfactorily prove the material allegations of his complaint and also, by his own testimony or otherwise, that there is no judgment or decree in any court of the State of competent jurisdiction against him in favor of the defendant for a divorce on the ground of adultery."

This section does not apply to the present case, as the answer therein did put in issue the allegation of adultery, and there was no default in appearance or pleading.

Rule 277 of the Rules of Civil Practice relating to " Proof required on default " provides that: " In an action for a divorce, unless it be averred in the complaint, (1) that the adultery charged was committed without the consent, connivance, privity or procurement of the plaintiff; (2) that five years have not elapsed since the discovery of the fact that such adultery had been committed, and that the plaintiff has not voluntarily cohabited with the defendant since such discovery; (3) where, at the time of the offense charged, the defendant was living in adulterous intercourse with the person with whom the offense is alleged to have been committed, that five years have not elapsed since such adulterous intercourse was discovered by the plaintiff; and (4) the complaint containing such avertments be verified by the oath of the plaintiff; judgment shall not be rendered for the relief demanded until the plaintiff's affidavit be produced stating the above facts."

This rule does not apply to the present case. There was no default by defendant but she appeared and answered and appears to have been represented upon the trial of the issue of adultery. In addition to which the complaint herein contained all the required averments.

Section 1153 of the Civil Practice Act provides: " In either of the following cases, the plaintiff is not entitled to a divorce, although the adultery is established:

" 1. Where the offence was committed by the procurement or with the connivance of the plaintiff.

" 2. Where the offence charged has been forgiven by the plaintiff. The forgiveness may be proved, either affirmatively, or by the voluntary cohabitation of the parties with the knowledge of the fact.

" 3. Where there has been no express forgiveness, and no voluntary cohabitation of the parties, but the action was not commenced within five years after the discovery by the plaintiff of the offence charged.

" 4. Where the plaintiff has also been guilty of adultery under such circumstances that the defendant would have been entitled, if innocent, to a divorce."

One of the questions presented by this appeal, therefore, is whether in a defended divorce action, where the answer puts in issue the allegation of adultery, but the foregoing matters have not been alleged by way of affirmative defense, the burden is upon plaintiff of negativing them, before he is entitled to the entry of an interlocutory judgment upon the verdict of the jury on the framed issue of adultery.

In *McCarthy* v. *McCarthy* (143 N. Y. 235) it was held, in an action by a wife for divorce on the ground of adultery, where the case is litigated, that it was not incumbent upon the plaintiff to make affirmative proof of the allegations inserted in her complaint in compliance with the rules of the Supreme Court (Rule 73),* *i. e.,* that the adultery charged was " without the consent, connivance, privity or procurement of the plaintiff," and that the latter has not voluntarily cohabited with defendant since discovery of the fact; these are matters of affirmative defense. It is only to provide for a case of defendant suffering a default that these possible defenses are required to be negatived by plaintiff by verified complaint or affidavit.

In *Lowenthal* v. *Lowenthal* (157 N. Y. 237) Judge BARTLETT said (at p. 242): " The answer is a general denial, and the only issue raised by the pleadings was that of adultery. This court

---

*See Gen. Rules Pr., rule 73, afterwards made Gen. Rules Pr., rule 72; now Rules Civ. Prac. rule 277.— [REP.

has recently held that the allegations of the complaint, in an action for divorce, that the adultery charged was without the connivance of plaintiff, and that he has not voluntarily cohabited with the defendant since discovery of the fact, are inserted to avoid the necessity for an affidavit under rule 73 of the Supreme Court* in case of defendant's default, and that, in the event of the action being litigated, connivance, condonation and other matters set forth in rule 73 and section 1758 of the Code† must each be pleaded as as an affirmative defense. (*McCarthy* v. *McCarthy*, 143 N. Y. 235.)"

The court further said (at p. 243): " We are of opinion that the trial judge was authorized to order judgment as he did, and that no decision under section 1022‡ was necessary or permissible, where the sole issue presented to the jury was that of adultery, and a jury trial had been demanded by defendant."

Mr. Justice GAYNOR in *Evans* v. *Evans* (27 Misc. Rep. 10) said: " Rule 72 of the General Rules of Practice provides that ' unless it be averred in the complaint ' (1) that the adultery was committed without the consent, connivance, privity or procurement of plaintiff, (2) that five years have not elapsed since the plaintiff discovered the adultery, (3) or where the defendant is living in adulterous intercourse that five years have not elapsed since the plaintiff discovered such intercourse, (4) that the plaintiff has not voluntarily cohabited with the defendant since such discovery; and ' the complaint containing such averments be verified by the oath of the plaintiff,' the judgment shall not be rendered for the plaintiff ' until the plaintiff's affidavit be produced stating the above facts.' Thus, under the rule, if these things be not alleged in a verified complaint, the way to do is to present an affidavit of them. In some way, however, it has come about that attorneys persist in introducing oral testimony of them; and that even though the verified complaint alleges them. Some attorneys even insist on asking the formal question whether five years have elapsed since the plaintiff discovered the adultery, when the allegation and proof are that it was committed on a named date within the five years, or even within a few weeks or months. There seems to be a general notion that the things mentioned in rule 72 are for the plaintiff to allege and prove as part of the cause of action, whereas they are no part of the cause of action, but defenses to be pleaded by the defendant. Rule 72 was made for cases of default only; and it is in effect that in anticipation of a default the plaintiff

---

* See Gen. Rules Pr., rule 73, afterwards made Gen. Rules Pr., rule 72; now Rules Civ. Prac., rule 277.— [REP.

† Code Civ. Proc. § 1758: now Civ. Prac. Act, § 1153.— [REP.

‡ Code Civ. Proc. § 1022: now Civ. Prac. Act, § 440.— [REP.

may aver the said things in a verified complaint, in lieu of presenting a separate affidavit of their truth. There is no rule for oral proof of them, and if the bar would conform to the rule it would be appreciated by the court, for the profession is a learned one."

From the foregoing decisions, the following rules of procedure follow:

(a) Under rule 277 of the Rules of Civil Practice, if defendant makes default, plaintiff must, in addition to giving the proof required by section 1150 of the Civil Practice Act, have either (1) proceeded by a complaint verified by his oath, which negatives the defenses enumerated in section 1153, or (2) produce an affidavit on the point. He is not required to give any evidence. He is not required to supplement the verified pleading or affidavit, whichever it may be, by proof.

(b) Under section 1150, if defendant does not appear and plead, or if, by his pleading, he fails to deny the allegation of adultery, plaintiff must prove all the material allegations in the complaint and he must also prove that there is no prior divorce. What are material allegations depends on general rules of pleading. It is still unnecessary for plaintiff to negative, by his testimony, any of the defenses enumerated in section 1153 of the Civil Practice Act.

(c) If defendant appears, pleads and denies the charge of adultery, the issues which must be tried and on which testimony may be offered are determined by general rules of pleading. In this a divorce does not differ from any other case. Under such rules, the defenses to an action for divorce enumerated in section 1153 of the Civil Practice Act must be pleaded and proved by defendant. It is not necessary for plaintiff to negative such defense unless the issue be raised by an affirmative plea in the answer.

As the case now under consideration comes under the 3d subdivision of section 1153 of the Civil Practice Act, plaintiff was not required to negative the matters of defense which were not raised by the answer, and was entitled to an interlocutory judgment upon the verdict of the jury in his favor upon the issue of adultery, after the motion for a new trial had been denied.

The case of *King* v. *King* (156 N. Y. Supp. 276; affd., 176 App. Div. 940), relied upon by respondent, is not in conflict with the foregoing decisions, for in that case not only was the adultery denied, but there were four affirmative defenses, namely, procurement, connivance, express forgiveness and voluntary cohabitation.

The order appealed from should, therefore, be reversed, and the motion for interlocutory judgment granted.

CLARKE, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order reversed and motion granted.