VALENTINE H. BERNDT, Plaintiff, *v.* MYRTLE BERNDT, Defendant.

Supreme Court, New York County, December 14, 1927.

Husband and wife — divorce — verdict in plaintiff's favor on issue of
adultery — defendant, not entitled to trial of conspiracy charge in
equity — plaintiff entitled to interlocutory decree — if any proper evi-
dence was excluded defendant's remedy is in appeal.

Plaintiff, in whose favor a jury returned a verdict in an action for divorce, in
which the issue was adultery, is entitled to an interlocutory judgment of divorce,
where, as against defendant's claim that the cause should be set for trial in equity
on the ground that certain evidence tending to prove conspiracy on the part
of the plaintiff and others to compromise the defendant was improperly excluded,
it appears that the defendant in presenting the charge of conspiracy, introduced
an element into the case which, if found in her favor, would probably have
acquitted her of the accusation of adultery.

Indeed, if any proper evidence was excluded and defendant feels aggrieved, her
remedy would seem to lie in appeal.

MOTION by plaintiff for an interlocutory judgment in an action
for divorce.

*Oberwager & Oberwager*, for the plaintiff.

*Cherurg & Cherurg*, for the defendant.

LEVY, J.   After the trial of the issue of adultery before a jury
and its determination in favor of plaintiff, the latter moves the
court for an interlocutory judgment of divorce. Defendant, in
opposition, urges that the cause should be set for trial on the equity
calendar, on the ground that certain evidence tending to prove
conspiracy on the part of plaintiff and others to compromise the
defendant was improperly excluded. Plaintiff, on the other hand,
shows that defendant at the trial chose to set up the defense of
conspiracy and the matter was fully litigated. At the outset, it
might be observed that if any proper evidence was excluded and
defendant feels aggrieved, her remedy would seem to lie in appeal.

But another ground is presented that might merit a higher
consideration. It is argued that a formal trial should be had
because the lone issue before the jury was that of adultery, and
as there are other elements which enter as part of plaintiff's cause,
such as lack of connivance and privity, etc., these must be estab-

lished by competent proofs. Defendant, however, overlooks the distinction in this direction between the evidence required on a default and that in a contested issue. Section 1150 of the Civil Practice Act provides that " If the answer in an action for divorce *does not put in issue the allegation of adultery,* or if the defendant makes default in appearing or pleading, the plaintiff before he is entitled to judgment must nevertheless satisfactorily prove the material allegations of his complaint * * *." This provision does not apply because defendant did not default in appearance or pleading, *and did put in issue the allegation of adultery.* Nor does section 1153 bar application. It merely bars a given plaintiff from a decree although the adultery is established, if there has been condonation or the offense charged was committed by the procurement or with the connivance of the plaintiff or where the action was not commenced within five years after the discovery by the plaintiff of the offense, or where the latter has himself been guilty of adultery. These, however, in a contested action may be said to be defenses in the nature of new matter, and must be *pleaded* and proved by the defendant; and it does not appear necessary for the plaintiff to negative such defenses unless they are raised by affirmative pleas. (*Olmsted* v. *Olmsted,* 210 App. Div. 393.)

In *King* v. *King* (156 N. Y. Supp. 276; affd., 176 App. Div. 940) four affirmative defenses, namely, procurement, connivance, express condonation and voluntary cohabitation, were pleaded. There all the issues were submitted to the jury and fully litigated, although the practice of presenting to a jury any issue other than adultery seems irregular and was justly criticised. (*Bush* v. *Bush,* 103 App. Div. 588; *Wood* v. *Platt,* 57 Misc. 140; *Wilcox* v. *Wilcox,* 116 App. Div. 423, 424.) Upon a motion for interlocutory judgment the court at Special Term held that while the findings of the jury on questions other than adultery were merely advisory, nevertheless, the learned court indicated that the defendant should be content to abide by the result and should not be heard to complain that the issues determined by the jury, framed by herself, were of no force.

Here, while the verdict embodies only the finding of defendant's adultery, in point of fact, defendant by presenting the charge that plaintiff and others conspired to compromise her, introduced an element which, if found in her favor, would doubtless have acquitted her of the accusation of adultery. Under the circumstances, it seems to me that in the light of the determination of the jury, the plaintiff is entitled to an interlocutory judgment without the necessity of further proof.

The motion is granted. Submit decision and findings on notice.