ROSALIND SHANIK, Plaintiff, *v.* DANIEL SHANIK, Defendant.

Supreme Court, Special Term, Queens County, February 21, 1955.

*Harry Gittleson* for defendant.

*Sidney H. Bishop* for plaintiff.

COLDEN, J. Motion by defendant for a bill of particulars. Plaintiff argues that a bill is not required in a matrimonial action where the complaint alleges a general course of conduct, citing *Earle* v. *Earle* (79 App. Div. 631, opinion in 79 N. Y. S. 613, 614) and *Loeb* v. *Loeb* (240 App. Div. 912). In the *Earle* case, the pleading set forth "many particulars of the cruel and inhuman treatment upon which the wife relies to establish her cause of action, and, we think, sufficiently complies with the requirements of section 1764 of the Code of Civil Procedure, which prescribes that the complaint in an action for separation must specify particularly the nature and circumstances of the defendant's misconduct, and must set forth the time and place of each act complained of, with reasonable certainty."

In the instant case, the complaint alleges in conclusory form that the defendant "applied insulting, degrading and abusive language toward the plaintiff" without setting forth the language which plaintiff deems abusive. Similarly, plaintiff alleges that defendant "threatened her with physical violence" without setting forth the threats as such. The entire complaint follows this pattern of vagueness and conclusoriness.

While the allegation that defendant indulged in a course of conduct may exempt the plaintiff from the necessity of stating the exact dates and places, it does not relieve her of the necessity of setting forth particularly the nature of the charges against the defendant. Moreover, if plaintiff cannot state when and where defendant committed all of the acts, she should be able to give defendant an approximation of the number of times when he committed the various acts.

The motion is therefore granted. The plaintiff may, if she is unable to state the times and places, give an approximate number of times per week or month that defendant committed the various acts. She may also state under oath, if she is without knowledge of any of the particulars.

Settle order.