Saul S. Stheit, J.
The defendant in this motion to dismiss this amended complaint for a separation invokes rules 102, 103 and 280 of the Rules of Civil Practice.
The complaint sets forth three causes of action, the first purporting to incorporate subdivisions 1 and 2 of section 1161 of the Civil Practice Act, the second for failure to support, and the third for abandonment.
It is the first cause of action alone to which defendant directs our attention, and more particularly to a number of paragraphs contained therein which defendant contends do not comply with the requirements of rule 280 with respect to alleging with particularity the nature and circumstances of the defendant’s misconduct. Although section 1161 enumerates the grounds for a separation and separately specifies “ cruel and inhuman treatment ” under subdivision 1, and “ [s]uch conduct on the part of the defendant towards the plaintiff as may render it unsafe and improper for the latter to cohabit with the former ’ ’ under subdivision 2, the two grounds under certain circumstances as in the case at bar overlap, and the general purpose of separately stating and numbering would be inapplicable here. It is interesting to note that Grossman in his much-quoted text book “ For purposes of simplicity * * * considered [it] advisable to treat the first and second grounds in section 1161 of the Civil Practice Act as both being forms of cruel and inhuman treatment ”. (Grossman, N. Y. Law of Domestic Relations, § 473.)
Although the first cause of action is somewhat inartistically drawn, the acts of misconduct alleged therein are specified with sufficient particularity to satisfy the requirements of rule 280. Considering the nature of some of defendant’s alleged acts, the sordid and disgusting details concerning the same would and *975 should have no place in a complaint. The purpose of the rule is to enable the defendant to properly prepare his defense and to guard against surprise at the trial. With the acts alleged as they are the defendant here should be sufficiently apprised of them to make his defense without difficulty. It is true that there may be paragraphs in this cause of action which standing alone seem improper, and it is true that some of the paragraphs even in relation to the entire cause of action as pleaded may be insufficient or unnecessary. But the sufficiency of a complaint is not determined by piecemeal attack. The complaint must be viewed as a whole and each paragraph regarded in its context with the whole. The defendant has the burden of demonstrating that the matter contained in the complaint is improper, and that it has no possible bearing upon the subject matter of the litigation and that he is aggrieved by its inclusion. (Nasmie Constr. Co. v. Quasman, 215 App. Div. 724; Gerseta Corp. v. Silk Assn. of America, 220 App. Div. 302; Giessler v. Accurate Brass Co., 271 App. Div. 980; Zirn v. Bradley, 269 App. Div. 961.) The defendant has not met this burden.
The demands embodied in defendant’s notice of motion are in the nature of a demand for a bill of particulars. Without in any way ruling with respect to the propriety of these demands defendant is not precluded upon the service of an answer from seeking whatever relief may be afforded him under rule 115 of the Rules of Civil Practice (cf. Shanik v. Shanik, 207 Misc. 685; Geimer v. Geimer, 161 N. Y. S. 415).
The motion is denied.